**CONDITIONALLY GRANT and Opinion Filed February 6, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-00967-CV**

**IN RE TEXAS CHRISTIAN UNIVERSITY, TEXAS CHRISTIAN UNIVERSITY BOARD OF TRUSTEES, GARY PATTERSON, CHRIS DEL CONTE, DAVID GABLE, ZACH LACROSS, DILLON SMITH, JAMES RUSSELL "RUSTY" BURNS, AND DOUGLAS MEACHUM, Relators**

**Original Proceeding from the County Court at Law No. 1
Dallas County, Texas
Trial Court Cause No. CC-18-00585-A**

## OPINION

Before Justices Bridges and Brown[1]
Opinion by Justice Bridges

On January 25, 2019, the Texas Supreme Court issued *In re Houston Specialty Insurance Co.*, No. 17-1060, 2019 WL 321152 (Tex. Jan. 25, 2019) (orig. proceeding) (per curiam). In light of that opinion and on the Court's own motion, we withdraw our December 21, 2018 opinion and issue this substitute memorandum opinion. This is now the opinion of the Court.

This original proceeding involves a question of dominant jurisdiction in which two parallel proceedings are pending in two courts of concurrent jurisdiction. We are asked to decide whether the trial court abused its discretion by denying relators' (collectively, TCU) plea in abatement. For the reasons that follow, we conclude the first-filed rule applies without exception and conditionally grant the petition.

---

[1] Justice Boatright was on the original panel; however, as of January 1, 2019, he is no longer a justice on the Court and did not participate in deciding this substitute opinion. *See* TEX. R. APP. P. 41.1.

**Background**

JPS Physician Group, Inc. (JPSPG) is a charitable organization created by the board of the Tarrant County Hospital District. Beginning in August 2012, JPSPG and TCU entered into a Health Services Contract for JPSPG physicians to provide medical care and services to TCU student-athletes.

Real party in interest Kolby Listenbee played football for TCU between 2012 and 2015. He suffered a pubic bone injury during a game on September 19, 2015. Listenbee was treated by JPSPG physicians pursuant to the Health Services Contract.

On September 7, 2017, an attorney representing Listenbee sent a letter to TCU informing the university he intended to file a lawsuit against it detailing how certain team coaches and athletic trainers "harassed, pressured, and threatened Mr. Listenbee into prematurely returning to the field before his injury was healed," and these actions caused significant damages and loss of significant earnings at the professional level. The draft petition attached to the letter indicated Listenbee planned to file suit against TCU under the Texas Medical Liability Act (TMLA) in Tarrant County. The draft petition stated venue was mandatory in Tarrant County; all or a substantial portion of the events or omissions giving rise to his claims occurred in Tarrant County; a vast majority of the named defendants resided in Tarrant County; and Listenbee himself resided in Tarrant County.

Listenbee's attorney sent another letter on September 13, 2017, expressing Listenbee's desire to resolve the matter without filing suit. The parties attempted to mediate his claims but were unable to reach a resolution.

On January 30, 2018, at 7:13 p.m., TCU filed its original declaratory judgment action against Listenbee in Tarrant County. TCU amended its petition on January 31, 2018, at 2:33 p.m., and added JPSPG as a defendant.

In the Tarrant County suit, TCU seeks declarations regarding the Health Services Contract between TCU and JPSPG. TCU also seeks declarations regarding the TMLA and its application to Listenbee's claims. Specifically, TCU seeks declarations that the JPSPG physicians who provided medical care and treatment to Listenbee were independent contractors and, as such, the physicians must indemnify TCU from any liability attributable for negligent medical care. As for the TMLA, TCU seeks declarations that Listenbee's claims are health care liability claims that must be brought against JPSPG or the JPSPG physicians; TCU and its employees are not medical providers; and TCU may not be held vicariously liable for the acts of the JPSPG physicians.

On January 31, 2018, at 3:44 p.m., Listenbee filed suit against TCU and the Big 12 Conference, Inc. (Big 12) in County Court at Law No. 1 in Dallas County. The Big 12 has an office located in Dallas County.

Listenbee asserted various negligence claims, including medical negligence, negligent hiring, and fraud by nondisclosure/concealment, arising from the September 19, 2015 injury and the parties' treatment and care of Listenbee after the injury. He did not include JPSPG or the JPSPG physicians in the Dallas County suit.

On March 9, 2018, both TCU and the Big 12 filed pleas in abatement in the Dallas County suit arguing Tarrant County has dominant jurisdiction under the first-filed rule. They further argued the declaratory judgment action is interrelated with Listenbee's personal injury claims because all claims arise from the September 19, 2015 injury and the treatment of Listenbee thereafter. Listenbee argued the claims are not interrelated because TCU's claims are based on a contract to which he is not a party, whereas his claims are tort claims against specific tortfeasors. He further claimed TCU engaged in inequitable conduct by filing a declaratory judgment action in Tarrant County that has no basis in law; therefore, the first-filed rule does not apply.

–3–

On April 4, 2018, Listenbee filed a rule 91a motion to dismiss in the Tarrant County lawsuit alleging the lawsuit had no basis in law. Specifically, he argued a suit for declaratory relief was improper "because TCU's request seeks a determination of its non-liability in a tort claim." On May 21, 2018, the Tarrant County court denied Listenbee's rule 91a motion to dismiss. Listenbee filed a petition for writ of mandamus with the Second District Court of Appeals, which was denied on July 13, 2018. *See In re Listenbee*, No. 02-18-00199-CV, 2018 WL 3414325, at \*1 (Tex. App.—Fort Worth, July 13, 2018, orig. proceeding [mand. pending]) (mem. op.).

The Dallas County court held a hearing on July 18, 2018 to consider, in part, the pleas in abatement. The court denied TCU's and the Big 12's pleas in abatement on July 23, 2018. This original proceeding followed. [2]

## Standard of Review

To be entitled to mandamus relief, the relator must demonstrate that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Lee*, 411 S.W.3d 445, 463 (Tex. 2013) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). "[A] relator need only establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a plea in abatement in a dominant-jurisdiction case." *In re J.B. Hunt Transport, Inc.*, 492 S.W.3d 287, 299–300 (Tex. 2016) (orig. proceeding).

---

[2] The Big 12 also filed a petition for writ of mandamus challenging the trial court's denial of its plea in abatement, which we conditionally granted. *See In re Big 12 Conference, Inc.*, No. 05-18-00975-CV (Tex. App.—Dallas, Feb. 6, 2019, orig. proceeding) (mem. op.).

**Discussion**

As a general rule, "the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts." *Id*. (quoting *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974) (orig. proceeding)). When two suits are inherently interrelated, the court in which the second action was filed must grant a plea in abatement unless an exception to the general rule applies. *Id*. at 294. "Filing a plea in abatement is the proper method for drawing a court's attention to another court's possible dominant jurisdiction." *In re Puig*, 351 S.W.3d 301, 305 (Tex. 2011) (orig. proceeding). Generally, the plea in abatement must be granted when an inherent interrelation of the subject matter exists in the two pending lawsuits. *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001). Abatement of a suit due to the pendency of a prior suit is based on the principles of comity, convenience, and the necessity for an orderly procedure in the trial of contested issues. *Miles v. Ford Motor Co.*, 914 S.W.2d 135, 138 (Tex. 1995).

We begin our analysis by determining whether the Tarrant County and Dallas County lawsuits are inherently interrelated. In making this determination, we are guided in part by the compulsory counterclaim rule. *Encore Enters., Inc. v. Borderplex Realty Trust*, No. 08-17-00153-CV, 2019 WL 210688, at *5 (Tex. App.—El Paso, Jan. 16, 2019, no pet. h.) (citing *In re J.B. Hunt Transport, Inc.*, 492 S.W.3d at 292). A counterclaim is compulsory if: (1) it is a claim within the jurisdiction of the court; (2) not the subject of a pending action; (3) which at the time of filing the pleading the pleader has against any opposing party; (4) it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (5) it does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. *See* TEX. R. CIV. P. 97(a); *see Casterline v. OneWest Bank, FSB*, No. 13-17-00118-CV, 2018 WL 1755821, at *5 (Tex. App.—Corpus Christi Apr. 12, 2018, pet. denied) (mem. op.) (citing *In re J.B. Hunt Transport, Inc.*, 492 S.W.3d at 292–93 (clarifying reading of rule 97(a))). Of these

requirements, Listenbee challenges only whether the claims arise out of the same transaction or occurrence.

To determine whether counterclaims arise out of the same transaction or occurrence, we apply a logical relationship test. *Moore v. First Fin. Resolution Enters., Inc.*, 277 S.W.3d 510, 516 (Tex. App.—Dallas 2009, no pet.). The logical relationship test is met when the same facts, which may or may not be disputed, are significant and logically relevant to both claims. *Id.* "It is not required that the exact issues and all the parties be included in the first action before the second is filed," provided the claim in the first suit may be amended to bring in all necessary and proper parties and issues by counterclaim. *Wyatt*, 760 S.W.2d at 247.

The test is met on this record. The central facts to both lawsuits involve the circumstances surrounding Listenbee's injury during the September 2015 football game, the subsequent treatment from JPSPG physicians, and the alleged harassment and pressure he felt from TCU's coaching staff to return to play. Many of his claims are based on medical decisions made by licensed physicians employed by JPSPG to provide services to TCU's athletic department pursuant to the Health Services Contract.[3]

Based on prior communications from Listenbee's attorney, TCU knew Listenbee was considering suit against TCU for the alleged acts and omissions of the physicians under the doctrine of respondeat superior and agency theories. To resolve these uncertainties, TCU filed its declaratory judgment action in Tarrant County seeking declarations regarding the construction and validity of the Health Services Contract and the applicability of the TMLA.

Listenbee argues TCU's Tarrant County suit is an improper use of the Uniform Declaratory Judgment Act to determine its potential tort liability and, as such, should have been dismissed,

---

[3] Listenbee admitted in his response to the plea in abatement that "the two suits are *related* . . . [h]owever, the interrelation of the suits is not such that would mandate they be tried together." [Emphasis in original].

leaving the Dallas County suit as the sole proceeding. Listenbee relies on *Abor v. Black*, 695 S.W.2d 564, 566 (Tex. 1985), to support the general proposition that "the declaratory judgment act is unavailable to determine non-liability in a personal injury suit." In that case, a mother filed a wrongful death suit against Eli Lily, the manufacturer of a drug that allegedly caused her daughter's death. *Id*. at 565. Eli Lily removed the case to federal court, and the mother subsequently joined Scott & White Hospital and various hospital staff members to the suit. *Id*. Scott & White filed a motion to dismiss for want of jurisdiction, which the federal court granted. *Id*. While no suit was pending, Scott & White filed a declaratory judgment action in state court asking for a declaration of non-liability. *Id*. This was the first-filed suit. Abor filed a plea in abatement, which the trial court denied. *Id*. The Texas Supreme Court noted the trial court should have declined to exercise jurisdiction "because it deprived the real plaintiff of the traditional right to choose the time and place of the suit." *Id*. at 566.

The supreme court recently emphasized *Abor*'s significance in a rule 91a case by stating, "[W]e have never recognized any exception or nuance to the rule that a potential tort defendant may not seek a declaration of nonliability in tort." *See In re Houston Specialty Ins. Co*., 2019 WL 321152, at *2. The court further rejected the argument that a trial court may retain an action if the tort-feasor plaintiff requested some declarations of nonliability but included other declarations that did not expressly ask for a liability determination. *Id*. "A legally invalid claim cannot be saved by accompanying claims that may be valid." *Id*. at *3.

Listenbee's continued reliance on *Abor* is misplaced because, unlike in *Abor*, the Dallas County trial court was asked to grant a plea in abatement in the second-filed case. The Texas Supreme Court more recently discussed the applicable legal analysis in such cases in *In re J.B. Hunt Transport, Inc*., 492 S.W.3d at 292, and its recent opinion in *In re Houston Specialty*

*Insurance Co.* did not change that analysis. *See In re Houston Specialty Ins. Co.*, 2019 WL 321152, at *1.[4]

In *In re Houston Specialty Insurance Co.*, the supreme court considered whether the trial court erred by denying a rule 91a motion to dismiss a first-filed case for improper use of the UDJA, not a plea in abatement challenging dominant jurisdiction in a second-filed case. *Id.* The validity of TCU's declaratory judgment suit is not before us, and this Court's opinion should not be construed as considering the validity of that lawsuit.[5] Thus, *In re J.B. Hunt Transport, Inc.*, not *Abor* or *Houston Specialty Insurance*, controls and requires us to "[f]irst, . . . ask whether there is an inherent interrelation between the subject matter of the two pending lawsuits that triggers a dominant-jurisdiction question. Second, if an inherent interrelationship exists, we ask whether the trial court abused its discretion in denying [the] plea in abatement." *In re J.B. Hunt Transport, Inc.*, 492 S.W.3d at 292.

The Tarrant County and Dallas County suits are interrelated. For example, both cases will involve significant facts as to the relationship between the JPSPG physicians and TCU, the authority of the physicians to make decisions, and the amount of control various parties, including the athletic staff, had in making these medical decisions as they relate to Listenbee's alleged injury and sustained damages. Thus, under the first-filed rule, Tarrant County acquired dominant jurisdiction unless an exception to the general rule applies. *See id.* at 294.

Exceptions to this "first-filed" rule may apply when its justifications fail, such as when the first court does not have the full matter before it, when conferring dominant jurisdiction on the first court will delay or even prevent a prompt and full adjudication, or "when the race to the

---

[4] The supreme court cited *In re J.B. Hunt Transport, Inc.* to emphasize that a case proceeding in the wrong court necessarily satisfies the adequate-remedy test for mandamus relief. *Id.* at *3.

[5] The Tarrant County trial court's denial of Listenbee's rule 91a motion to dismiss based on TCU's alleged improper use of the UDJA is pending mandamus review before the supreme court. *See In re Listenbee*, No. 02-18-00199-CV, 2018 WL 3414325, at *1 (Tex. App.—Fort Worth, July 13, 2018, orig. proceeding [mand. pending]) (mem. op.).

courthouse was unfairly run." *Perry*, 66 S.W.3d at 252. A plaintiff who filed the first suit may be estopped from asserting the dominant jurisdiction of the first court if it is found that he is guilty of inequitable conduct. *Hiles v. Arnie & Co.*, 402 S.W.3d 820, 825–26 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

Texas courts have found parties guilty of inequitable conduct and applied the estoppel exception to the first-filed rule when the plaintiffs in the first-filed suit (1) filed suit merely to obtain priority, without a bona fide intention to prosecute the suit; or (2) prevented their adversaries from filing the subsequent suit more promptly by fraudulently representing that they would settle. *In re Henry*, 274 S.W.3d 185, 191 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding) (citing *Johnson v. Avery*, 414 S.W.2d 441, 443 (Tex. 1966)). Other examples of inequitable conduct sufficient to defeat the first-filed rule are when the plaintiffs in the first-filed suit affirmatively represented to the court in the second-filed suit that it had jurisdiction or manipulated the courts by sitting in silence while conflicting orders on the same subject matter are issued in another court. *Id.* However, "establishing inequitable conduct alone is insufficient" because the inequitable-conduct exception is a remedy for the second-filer "who is delayed—that is, prejudiced—by inequitable conduct. If there is no prejudice and no allegation of prejudice, then there is no harm to remedy." *In re J.B. Hunt Transport, Inc.*, 492 S.W.3d at 294–95.

Listenbee argues the inequitable conduct exception applies because TCU has "unclean hands." Specifically, he contends TCU's declaratory judgment action is frivolous because it violates *Abor*'s prohibition against seeking declarations of non-liability in tort (the argument made in his rule 91a motion to dismiss). However, as the case currently stands, the Tarrant County court concluded TCU's claims are not frivolous by denying Listenbee's rule 91a motion to dismiss.

Regardless, establishing inequitable conduct alone is insufficient. *Id*. at 295. Rather, a party must establish the inequitable conduct caused a delay in filing suit. *Id*. Listenbee has not

presented any evidence that TCU fraudulently induced him to wait to file suit or that it took any action preventing him from filing suit.

A race to the courthouse by itself is not inequitable conduct. *Id.* In fact, one of the justifications for the first-filed rule is "simple fairness: in a race to the courthouse, the winner's suit *should* have dominant jurisdiction." *Id.* at 296 (citing *Perry*, 66 S.W.3d at 252); *Lee v. GST Transp. Sys., LP*, 334 S.W.3d 16, 18 (Tex. App.—Dallas 2008, pet. denied). Accordingly, the trial court abused its discretion by not granting TCU's plea in abatement. Because a relator need only establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a plea in abatement in a dominant-jurisdiction case, TCU is entitled to relief.

## Conclusion

We conditionally grant TCU's petition. On January 3, 2019, the trial court complied with our December 21, 2018 order by issuing an order vacating its July 23, 2018 order denying TCU's plea in abatement, granting the plea in abatement, and abating the case. The underlying proceeding remains abated pending outcome of the Tarrant County lawsuit.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

180967F.P05

–10–