

# NUMBER 13-19-00044-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JESUS ROMAN-PEREZ,                                    Appellant,

v.

ADOLFO ALVAREZ,                                        Appellee.

**On appeal from the 92nd District Court
of Hidalgo County, Texas.**



# NUMBER 13-19-00067-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

JOHN C. OSBORNE AND
JESUS ROMAN-PEREZ,                                    **Appellants,**

**v.**

ADOLFO 'AL' ALVAREZ,

                                                      **Appellee.**

---

**On appeal from the County Court at Law No. 8
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina
Memorandum Opinion by Justice Benavides**

Appellants John Osborne and Jesus Roman-Perez challenge the judgments rendered against them in favor of appellee Adolfo "Al" Alvarez.

In appellate cause number 13-19-00044-CV,[1] Roman-Perez[2] argues that the trial court erred by granting summary judgment (1) because there was no justiciable controversy between the parties and a declaratory judgment was not proper and (2) because there was a material fact issue regarding which of the two judgments (one from Harris County and one from Hidalgo County) was valid.

In appellate cause number 13-19-00067-CV,[3] Osborne and Roman-Perez raise eight issues: (1–2) whether their bill of review states a cause of action that has a basis in law or fact; (3) whether their bill of review has a basis in law if the allegations entitled them to relief; (4) whether the trial court erred because Alvarez waived dominant jurisdiction in Hidalgo County; (5) whether the trial court erred by granting Alvarez's motion to dismiss because the Harris County judgment superseded the Hidalgo County judgment; (6) whether the Harris County judgment legally disposed of all claims between the parties; (7) whether the trial court lacked jurisdiction to enter a default judgment because of the Harris County judgment disposed of all claims between the parties; and (8) whether the trial court erred when it held there was no showing that the bill of review had no basis in fact. We reverse and remand in appellate cause number 13-19-00067-CV. We reverse and render in appellate cause number 13-19-00044-CV.

## I. BACKGROUND

### A. Background Facts

---

[1] Appellate cause number 13-19-00044-CV relates to trial court case number C-3370-18-A out of the 92nd District Court in Hidalgo County.

[2] Roman-Perez is the appellant in appellate cause number 13-19-00044-CV. Both Osborne and Roman-Perez are the appellants in appellate cause number 13-19-00067-CV.

[3] Appellate cause number 13-19-00067-CV relates to trial court case number CL-18-6733-H out of County Court at Law Number Eight in Hidalgo County.

The multiple cases between the parties stem from an employment agreement gone wrong. Roman-Perez was indicted on federal drug trafficking charges and retained Alvarez, an attorney, to defend him. According to their pleadings and brief, Roman-Perez agreed to pay Alvarez a $15,000 retainer and instructed Alvarez to contact Roman-Perez's wife to collect payment of the retainer. Roman-Perez's wife put Alvarez in touch with a third-party agent who would pay the retainer. When Alvarez contacted the agent, Alvarez increased the amount of the retainer to $75,000, which was paid.

Alvarez represented Roman-Perez in the initial federal appearance hearing and conducted some discovery before Roman-Perez learned of the increased retainer amount and terminated his employment. Roman-Perez then hired Osborne to represent him and to recover the unused portion of the $75,000 retainer. On January 8, 2008, Osborne sent Alvarez a letter requesting an accounting of the $75,000 retainer and a refund of any unused money stating in accordance with the Texas Disciplinary Rules of Professional Conduct. Osborne asked for the accounting and refund within one week, or he would advise Roman-Perez to file a grievance with the State Bar of Texas.

## B.    Lawsuits Filed

### 1.    Hidalgo County Lawsuit

Instead of providing the requested accounting and refund, Alvarez filed a lawsuit in Hidalgo County against Osborne and Roman-Perez on January 23, 2008 (Hidalgo County lawsuit).[4] Alvarez alleged that Osborne and Roman-Perez's conduct "constitutes conspiracy, breach of contract, and tortious interference with a contract" and requested

---

[4] The Hidalgo County lawsuit refers to case number CL-08-0150-D in County Court at Law No. 4 of Hidalgo County.

damages and attorney's fees. Although Alvarez filed the lawsuit in January 2008, he did not serve Osborne or Roman-Perez with the lawsuit at that time.

On August 8, 2008, following service of an additional lawsuit filed in Harris County by Roman-Perez, Alvarez finally served Osborne and Roman-Perez with the Hidalgo County lawsuit. Following service, on September 19, 2008, Osborne filed a motion to transfer venue in the Hidalgo County lawsuit alleging that Alvarez "engaged in forum shopping" and Hidalgo County was not the proper venue because the facts surrounding the case occurred in Harris County. Osborne's motion to transfer venue was denied by the Hidalgo County Court trial court on November 19, 2008.

The Hidalgo County trial court granted an interlocutory default judgment against Roman-Perez for $75,000 on October 27, 2008 based on "Plaintiff's motion for default judgment." Alvarez then filed a "First Amended Plaintiff's Original Petition" against Osborne and Roman-Perez on November 19, 2008, which appeared to raise the same causes of action.

On January 10. 2011, Alvarez requested and was granted a temporary injunction by the Hidalgo County court in response to a judgment issued in Harris County. On November 26, 2014, after Roman-Perez did not appear, Alvarez obtained a final judgment against Osborne and Roman-Perez in the Hidalgo County court for $475,000.

### 2.    Harris County Lawsuit

In the meantime, on June 19, 2008, Roman-Perez filed suit against Alvarez in Harris County (Harris County lawsuit).[5] Roman-Perez alleged legal malpractice, common

---

[5] The Harris County lawsuit refers to case number 2008-36981 in the 164th Judicial District Court in Harris County.

law fraud, negligent misrepresentation, breach of contract, conversion, breach of fiduciary duties, breach of fiduciary duties-fee forfeiture, gross negligence, intentional conduct, and/or malice, and requested damages and attorney's fees. Alvarez was promptly served with the Harris County lawsuit.

On August 8, 2008, Alvarez filed a motion to transfer venue and motion to abate in the Harris County lawsuit, stating that Hidalgo County was the proper venue and the Hidalgo County lawsuit involved the same facts and dispute. Alvarez did not request a hearing for these motions, never filed an answer, and never filed a special appearance.

On March 3, 2009, Roman-Perez filed a motion for default judgment in the Harris County lawsuit and Alvarez failed to answer. On March 3, 2010, the Harris County trial court granted a default judgment on all of Roman-Perez's causes of action and ordered that Roman-Perez recover $330,575 for actual and exemplary damages, attorney's fees, court costs, and pre and post judgment interest. The default judgment also stated that "all relief not expressly granted herein is denied."

In December 2010, Roman-Perez began collection efforts on the Harris County judgment. On December 22, 2010, Alvarez filed an "Original Bill of Review" on the Harris County judgment which incorrectly alleged that Roman-Perez filed the Harris County lawsuit after their motion to transfer venue had been denied. Alvarez argued that Hidalgo County had dominant jurisdiction. His bill of review stated that what happened after he filed his motion to abate and motion to transfer venue in the Harris County lawsuit

> is not entirely clear. It may be that the Court's clerk missed Alvarez's appearance, because the remaining documents in the file were sent only to the Defendant Roman-Perez's counsel, not to the undersigned. Exhibit G. For whatever reason, counsel for the Defendant Roman-Perez also did not

6

provide copies of the documents he filed in the Court to Alvarez's counsel as he was required by rule to do, and in fact none of his filings reflected that Alvarez had retained the undersigned counsel to represent him. Exhibit H (documents filed with the court which do not contain a Certificate of Service and fail to reflect they were sent to Alvarez or his counsel). He then filed a Motion for Default Judgment affirmatively misrepresenting to the Court that Alvarez had "failed to appear or file an answer." Exhibit I. As set forth above, Alvarez had, in fact, appeared, which counsel for the Defendant knew, as he received Alvarez's Motions to Abate and to Transfer Venue. Exhibit J.

E.      Neither Alvarez nor his lawyer received any notices from the Court about this case being retained on the docket or regarding the Defendant's request for a default. Nor did the Defendant or his counsel (both of whom were involved in the suit pending in Hidalgo County) mention the pendency of the second lawsuit or this request for a default to the undersigned.

F.      On March 3, 2010 the Court signed a default judgment against Alvarez. Exhibit K. For some reason, the Court's file reflects that no notice that the default had been taken was sent to Alvarez after it happened. Exhibit K. The first notice Alvarez had that a default judgment had been taken against him was when he received a letter from his bank regarding a Writ of Garnishment that had been served on it by the Defendant, seeking to enforce the default. Exhibit L.

Roman-Perez filed a motion for summary judgment in the Harris County lawsuit on September 20, 2013, which countered the allegations Alvarez made in his bill of review. On October 25, 2013, the Harris County trial court granted Roman-Perez's motion for summary judgment and denied Alvarez's bill of review in "all respects."

## C.      Actions in Hidalgo County Trial Courts Following the Judgments at Issue

### 1.      Osborne and Roman-Perez's Bill of Review

On November 26, 2018, Osborne and Roman-Perez filed their petition for bill of review in the Hidalgo County trial court alleging that Hidalgo County was not the dominant jurisdiction, denial of due process due to Alvarez's behavior, fraud, wrongful acts, and official mistake. Alvarez filed an original answer and motion to dismiss Osborne and

7

Roman-Perez's bill of review. On January 18, 2019, the Hidalgo County trial court granted Alvarez's motion to dismiss with prejudice, awarded attorney's fees and appellate fees and stated that any relief not expressly granted herein was denied. Osborne and Roman-Perez appealed the court's dismissal order in cause number 13-19-00067-CV.

### 2. Alvarez's Default Judgment

On January 12, 2018, Alvarez filed a motion for declaratory judgment against Roman-Perez in a different Hidalgo County trial court to determine "[Alvarez's] right to a complete setoff of the entire judgment owed to [Roman-Perez], for a declaration [Roman-Perez]'s judgment against [Alvarez] is, thereby, extinguished due to such setoff, and for a determination of the balance remaining owing on [Alvarez]'s judgment against [Roman-Perez] after allowing for such setoff." On October 22, 2018, Alvarez filed his motion for default judgment stating that Roman-Perez did not file an answer or appear within the time allowed by law. On November 6, 2018, Osborne filed a general denial on behalf of Roman-Perez. On November 11, 2018, Alvarez then filed a motion for summary judgment. Roman-Perez filed a first amended answer on November 19, 2018.

That Hidalgo County trial court held a hearing on Alvarez's motion for summary judgment on December 18, 2018. Alvarez's counsel indicated he had spoken with Osborne who stated he had been calling the court and could not get an answer. Alvarez's counsel also stated Osborne told him had been recently hired on case set for trial immediately. During the hearing, Alvarez's counsel explained that his conversation with Osborne had been on the previous day and Osborne had not filed a motion for continuance in the meantime. The trial court stated it had Alvarez's motion and a response

from Osborne on file and would review those documents before making its ruling. On December 21, 2018, the trial court granted Alvarez's motion for summary judgment finding, in relevant part, that

2.      The Harris County Judgment is declared fully satisfied by way of a dollar for dollar credit against the Hidalgo County Judgment and is hereby extinguished;

3.      The Hidalgo County Judgment is subject to a dollar for dollar credit of the Harris County Judgment and is declared to owe an adjusted balance of $72,437.80 as of the date of entry of this order, which balance continues to accrue statutory interest of 5% per annum and which judgment remains subject to enforcement.

. . . .

This judgment disposes of all parties and claims, is final, and is subject to appeal. Any relief not expressly granted herein is DENIED.

Roman-Perez appealed the court's order in appellate cause number 13-19-00044-CV.

## II.      DOMINANT JURISDICTION

In both appellate cause numbers, the parties allege that the county in which they filed suit is the proper venue. By part of their second issue in appellate cause number 13-19-00044-CV and by their third issue in appellate cause number 13-19-00061-CV, Osborne and Roman-Perez argue that Harris County is the proper venue and the Hidalgo County judgments are void because Alvarez waived dominant jurisdiction. Alvarez argues that Hidalgo County was the proper venue because his suit was filed first and because it is the county where his principal place of business is conducted.

### A.      Standard of Review and Applicable Law

"In instances where inherently interrelated suits are pending in two counties, and venue is proper in either county, the court in which suit was first filed acquires dominant

9

jurisdiction." *In re Red Dot Bldg. Sys., Inc.*, 504 S.W.3d 320, 322 (Tex. 2016) (orig. proceeding); *see In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding); *Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 622 (Tex. 2005); *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988), *overruled on other grounds, In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287. In these circumstances, the general rule is that the court in the second action must abate the suit. *In re Red Dot Bldg. Sys., Inc.*, 504 S.W.3d at 322; *In re J.B. Hunt Transp. Inc.*, 492 S.W.3d at 294; *Wyatt*, 760 S.W.2d at 247. The reasons for abatement include conservation of judicial resources, avoidance of delay, and "comity, convenience, and the necessity for an orderly procedure in the trial of contested issues." *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001) (orig. proceeding) (quoting *Wyatt*, 760 S.W.2d at 248); *see In re J.B. Hunt Transp. Inc.*, 492 S.W.3d at 294; *see also Dodd v. Evergreen Nat'l Constr., L.L.C.*, No. 01-16-00974-CV, 2017 WL 2645041, at *4 (Tex. App.—Houston [1st Dist.] June 20, 2017, no pet.) (mem. op.). "A further justification is simple fairness: in a race to the courthouse, the winner's suit should have dominant jurisdiction." *Perry*, 66 S.W.3d at 252; *see In re King*, 478 S.W.3d 930, 933 (Tex. App.—Dallas 2015, orig. proceeding). "The default rule thus tilts the playing field in favor of according dominant jurisdiction to the court in which suit is first filed." *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d at 294 (footnotes and internal quotations omitted); *see Mayfield v. Peek*, 546 S.W.3d 253, 265 (Tex. App.—El Paso 2017, no pet.). "As long as the forum is a proper one, it is the plaintiff's privilege to choose the forum," and a defendant is "simply not at liberty to decline to do battle in the forum chosen by the plaintiff." *Wyatt*, 760 S.W.2d at 248; *see In re Amoco Fed. Credit Union*, 506 S.W.3d 178,

184 (Tex. App.—Tyler 2016, orig. proceeding). We conduct our dominant jurisdiction analysis under the deferential abuse of discretion standard. *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d at 293; *In re PlainsCapital Bank*, 13-17-00021-CV, 2018 WL 2979836, at *6 (Tex. App.—Corpus Christi–Edinburg June 8, 2018, no pet.).

**B.    Discussion**

We begin our analysis to determine dominant jurisdiction by deciding if the Harris County lawsuit and Hidalgo County lawsuits are inherently interrelated.

Both parties agree in their motions that the Harris County and Hidalgo County lawsuits arise from the same set of facts. *See In re Tex. Christian Univ.*, 571 S.W.3d 384, 389 (Tex. App.—Dallas 2019, no pet.) (listing the requirements to determine if cases are inherently interrelated). Therefore, we hold that the lawsuits are inherently interrelated. Generally, when two suits are inherently interrelated, a "plea in abatement in the second action *must* be granted." *In re J.B. Hunt*, 492 S.W.3d at 294 (emphasis in original). However, there are exceptions to the "first-filed" rule.

Exceptions to the "first-filed" rule may apply when the rule's purposes are not being served, such as when the first court does not have the full matter before it, when conferring dominant jurisdiction on the first court will delay or even prevent a prompt and full adjudication, or "when the race to the courthouse was unfairly run." *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001). A plaintiff who filed the first suit may be estopped from asserting the dominant jurisdiction of the first court if it is found that he is guilty of inequitable conduct. *In re Tex. Christian Univ.*, 571 S.W.3d at 391. Texas courts have found parties guilty of inequitable conduct and applied the estoppel exception to the first-

11

filed rule when plaintiffs in the first-filed suit (1) filed suit merely to obtain priority, without a bona fide intention to prosecute the suit; or (2) prevented their adversaries from filing the subsequent suit more promptly by fraudulently representing that they would settle. *Id.*; *In re Henry*, 274 S.W.3d 185, 191 (Tex. App.—Houston [1st Dist. 2008, orig. proceeding). Other examples of inequitable conduct sufficient to defeat the first-filed rule are when plaintiffs in the first-filed suit affirmatively represented to the court in the second-filed suit that it had jurisdiction or manipulated the courts by sitting in silence while conflicting orders on the same subject matter are issued in another court. *In re Tex. Christian Univ*, 571 S.W.3d at 392. However, "establishing inequitable conduct alone is insufficient" because the inequitable conduct exception is a remedy for the second-filer "who is delayed—that is, prejudiced—by inequitable conduct. If there is no prejudiced and no allegation of prejudice, then there is no harm to remedy." *In re J.B. Hunt*, 492 S.W.3d at 294–95.

Osborne and Roman-Perez assert that Alvarez filed suit to "obtain priority, without a bona fide intention to prosecute the suit." *Id.* at 295. The Texas Supreme Court has stated that "the mere physical filing of the petition is not sufficient" to establish the requisite intent. *Id.* (quoting *V.D. Anderson Co. v. Young*, 101 S.W.2d 798, 800–01 (1937)). The first-filer must exhibit "actual diligence thereafter in getting out citation and otherwise prosecuting his suit." *Reed v. Reed*, 311 S.W.2d 628, 631 (1958). When a party has "a cause of action, files suit, and immediately takes steps to advance that suit, a party cannot be said to lack the bona fide intent to prosecute its case." *In re J.B. Hunt*, 492 S.W.3d at

12

297.[6] In *In re J.B. Hunt*, the supreme court discussed prior cases where it had found that a delay of twenty-six days before service did not satisfy the exception requirement, but that a delay of fifteen months before service did satisfy the exception. *Id.* at 296. Here, Alvarez waited almost seven months to request service on Osborne and Ramon-Perez and only requested service on his Hidalgo County lawsuit *after* he received service on the Harris County lawsuit. Also, in contrast to *In re J.B. Hunt*, Alvarez did not attempt to complete service of process or conduct discovery matters until after he was aware of the Harris County lawsuit. *See id.* at 297.

Following being served in the Harris County suit, Alvarez filed a motion to transfer venue and a motion to abate. In his motion to transfer venue, he alleged that venue was mandatory in Hidalgo County because Roman-Perez alleged "legal malpractice for a violation of Texas Disciplinary Rules of Professional Conduct 1.04, 1.14, and Rule 8.04(a)." Alvarez stated in his motion that in suits for lawyer discipline, "venue is in the county of the attorney's principal place of practice, in the county of the attorney's residence, or in the county where the misconduct occurred in whole or part." In his motion to abate, Alvarez explained to the Harris County trial court that the "parties are litigating this same dispute in another state court. The disputes in both cases arise out of the legal representation of Roman-Perez." He also stated that he filed suit "on or about January

---

[6] While the existence of diligence is generally a question of fact, if no excuse is offered for the long delay, or if the time lapses and the plaintiff's acts conclusively negate diligence, a lack of diligence will be found as matter of law. *Southern Cty Mutual Insur. Co. v. Ochoa*, 19 S.W.3d 452, 462 (Tex. App.—Corpus Christi–Edinburg 2000, no pet.); *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex. App.—Corpus Christi–Edinburg 1994, no writ); *Newman v. Broadus*, 847 S.W.2d 249, 251 (Tex. App.—Corpus Christi–Edinburg 1992, no writ). Courts have consistently held that unexplained delays of five or six months in procuring issuance and service of citation constitute a lack of due diligence as a matter of law. *Ochoa*, 19 S.W.3d at 462.

13

22, 2008" in Hidalgo County. However, according to Osborne and Roman-Perez's brief, Alvarez never requested a hearing on his motions to transfer venue and abate. No court action was taken on Alvarez's motion to transfer venue and abate until March 3, 2010, when the Harris County trial court denied the motions in its final judgment.

In the meantime, in September 2008, Osborne filed his motion to transfer venue, stating that Harris County was the proper venue, Alvarez engaged in forum shopping, and Roman-Perez's criminal case (for which Alvarez had been retained initially) was in the Houston Division of the Southern District of Texas. Osborne also stated that Alvarez filed the Hidalgo County lawsuit but "never sought service of his petition." Osborne attached exhibits to provide evidence that he and Roman-Perez were served with the Hidalgo County lawsuit after they served Alvarez on the Harris County lawsuit. Osborne's motion to transfer venue was denied on December 1, 2008. Additionally, the Hidalgo County trial court granted an interlocutory default judgment against Roman-Perez in October 2008.

Here, although both parties proceeded as if their lawsuit was in the mandatory venue, we agree with Osborne and Roman-Perez. Although Alvarez had the "first-filed" lawsuit, he did nothing to show an intent to prosecute until after he learned of the Harris County lawsuit. *See id.* at 295. When Roman-Perez filed his lawsuit in Harris County, neither Osborne nor Roman-Perez had notice of a previously pending lawsuit against them arising from the same facts in Hidalgo County. Therefore, we hold, that in this situation and under these set of facts, the Harris County lawsuit was the dominant jurisdiction. We sustain Osborne and Roman-Perez's third issue in appellate cause

14

number 13-19-00067-CV and part of issue two in appellate cause number 13-19-00044-CV.

### III.     BILL OF REVIEW/MOTION TO DISMISS

In appellate cause number 13-19-00067-CV, Osborne and Roman-Perez challenge the trial court's granting of Alvarez's motion to dismiss their bill of review. By their first and seventh issues, Osborne and Roman-Perez argue their bill of review stated a cause of action that had a basis in law and fact. By their second issue, they argue the bill of review had a basis in law that entitled them to relief. By their fourth issue, Osborne and Roman-Perez allege the trial court erred by granting Alvarez's motion to dismiss because the Harris County judgment superseded the Hidalgo County lawsuit judgment. By their fifth issue, Osborne and Roman-Perez state that the Harris County judgment legally disposed of all claims between the parties arising out of this transaction or occurrence. By their sixth issue, they state the Hidalgo County trial court lacked jurisdiction to enter a default judgment against them as a result of the Harris County judgment. By their eight issue, they argue the Hidalgo County trial court erred when it decided there was no cause of action in fact because the allegations could were believable to a reasonable person.

### A.     Standard of Review

#### 1.     Bill of Review

"A bill of review is brought as a direct attack on a judgment that is no longer appealable or subject to a motion for new trial." *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010). Because it is a direct attack, a bill of review must be filed

15

in the court that rendered the original judgment, and only that court may exercise jurisdiction over the bill. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015). A bill of review proceeding is filed as a separate cause of action. *Alaimo v. U.S. Bank Trust Nat'l Assoc.*, 551 S.W.3d 212, 214 (Tex. App.—Fort Worth 2017, no pet.). To obtain an equitable bill of review, a petitioner must generally plead and prove (1) a meritorious claim or defense to the judgment, (2) which the petitioner was prevented from making by official mistake or by the opposing party's fraud, accident, or wrongful act, (3) unmixed with any fault or negligence on the petitioner's own part. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751–52 (Tex. 2003).

### 2.      Motion to Dismiss

Rule 91a of the Texas Rules of Civil Procedure states:

> A party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

TEX. R. CIV. P. 91a.1; *In re Odebrecht Const. Inc.*, 548 S.W.3d 739, 745 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.). "A motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." *Id.* R 91a.2. The rule allows the responding party to either nonsuit or amend the challenged cause of action at least three days before the date of the hearing on the motion to dismiss. *See id.* R. 91a.5(a), (b). "The trial court may, but is not required to, conduct an oral hearing on the motion." *Id.* R. 91a.6. Further, "the court may not consider evidence

16

in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits" permitted by the rules of civil procedure. *Id.*; *see City of Dallas v. Sanchez*, 494 S.W.3d 722, 725 (Tex. 2016); *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 599 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.); *Koenig v. Blaylock*, 497 S.W.3d 595, 599 (Tex. App.—Austin 2016, pet. denied); *In re Butt*, 495 S.W.3d 455, 461 (Tex. App.—Corpus Christ–Edinburg 2016, orig. proceeding); *see also* TEX. R. CIV. P. 59 (governing the incorporation of exhibits into pleadings.)

We perform a de novo review of the trial court's ruling on a Rule 91a motion to dismiss. *See City of Dallas*, 494 S.W.3d at 725; *In re Odebrecht Const. Inc.*, 548 S.W.3d 739, 745–46; *Parkhurst v. Office of Att'y Gen. of Tex.*, 481 S.W.3d 400, 402 (Tex. App.—Amarillo 2015, no pet.); *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *Dailey v. Thorpe*, 445 S.W.3d 785, 788 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822 (Tex. App.—Austin 2014, no pet.); *GoDaddy.com, L.L.C. v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied). We apply a de novo standard because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review. *See City of Dallas*, 494 S.W.3d 725.

## B.     Applicable Law and Discussion

Osborne and Roman-Perez argue that their bill of review had a basis in law and in fact. Alvarez's motion to dismiss was required to show that the bill of review had no basis

in law or fact. The final resolution of the bill of review proceeding will involve either a one-step or a two-step process, depending on the trial court's determination. *Alaimo*, 551 S.W.3d at 215.

Osborne and Roman-Perez argued in their bill of review that Alvarez was not entitled to dominant jurisdiction under the "first-filed" rule because he did not intend to prosecute the lawsuit, as evidenced by his lack of service. They further explained that determination of any estoppel exceptions was determined by the court of second filing (Harris County), which determined that Alvarez's conduct "warranted application of the estoppel exception," thereby depriving the Hidalgo County courts of jurisdiction. Additionally, they explained that the Harris County court had issued a default judgment in 2010 that finally disposed of "all parties and claims and was a final and appealable judgment," that Alvarez filed a bill of review that was denied, and Alvarez did not appeal the default judgment rendered against him, which means that "all claims between the parties have been fully adjudicated." Osborne and Roman-Perez argued that the "legal tactics" employed by Alvarez were "knowingly wrongful and illegal because he had actual knowledge that the claims he was asserting [in the Hidalgo County lawsuit] had been disposed of and adjudicated in the default judgment in the Harris County lawsuit on March 3, 2010." They also argued that Alvarez knew he failed to assert compulsory counterclaims, that Harris County had dominant jurisdiction over the cases, and his actions "constituted a fraud on the court because such actions were a gross misrepresentation and omission by Alvarez in his pleadings to the court when seeking such relief."

18

In order for the trial court to dismiss Osborne and Roman-Perez's bill of review, it must have found that the cause of action had no basis in law or fact. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1. "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.* Although the trial court granted the motion to dismiss, we disagree with its determination that the cause of action had no basis in law or fact. Upon review of the bill of review and attached exhibits, we hold that the allegations, which we are required to take as true, would entitle the claimant to the relief sought. *Id.* Osborne and Roman-Perez state that the Hidalgo County lawsuit was not filed in a court of dominant jurisdiction, and because we have already held that Harris County was the county of dominant jurisdiction in this case, we agree. Additionally, reviewing the allegations and exhibits in the bill of review, we disagree with the trial court that a reasonable person would not believe the facts as presented. *Id.* It was apparent from the pleadings that the facts showed that two lawsuits were filed, the Harris County trial court issued a judgment prior to the Hidalgo County trial courts, and that Harris County could have had dominant jurisdiction, as we found earlier. The trial court committed error by granting Alvarez's motion to dismiss Osborne and Roman-Perez's bill of review.

We next evaluate the bill of review. To obtain relief, Osborne and Roman-Perez were required to show: (1) a meritorious claim or defense to the judgment, (2) which the petitioner was prevented from making by official mistake or by the opposing party's fraud, accident, or wrongful act, (3) unmixed with any fault or negligence on the petitioner's own

19

part. *Chapman*, 118 S.W.3d at 751–52. Here, Osborne and Roman-Perez raised a defense to the judgment by stating that Harris County was the dominant jurisdiction and that the Harris County judgment entered in 2010, which disposed of all issues between the parties, was the controlling judgment. Their bill of review and attached exhibits also showed that although Alvarez knew of the Harris County lawsuit and judgment, he continued to litigate his case in Hidalgo County. Osborne filed a motion to transfer venue putting the Hidalgo County courts on notice of another lawsuit, which was denied in December 2008. Alvarez, although he filed a motion to transfer venue and motion to abate, never requested a hearing on his motion. As a result, it was eventually denied when the final judgment was entered in March 2010. Alvarez was aware of the disposition of the Harris County suit because he filed his own bill of review with the Harris County court in December 2010. Alvarez did not seek a final judgment in the Hidalgo County trial court until November 2014, four years after the Harris County final judgment was entered and one year after the summary judgment denying his bill of review was entered. His continued litigation in the Hidalgo County case constituted a wrongful act on his part because he was well-aware of the outcome of the Harris County lawsuit. *See id.* Osborne and Roman-Perez also did not commit negligence or fault in their handling of the Harris County or Hidalgo County cases prior to the final judgment rendered in Harris County. Osborne filed a motion to transfer venue shortly after they were served with the Hidalgo County case, which was denied. Osborne and Roman-Perez proceeded with the Harris County case. After Alvarez had sat idly on his motion to transfer venue and abate, the trial court denied the motion to transfer venue and disposed of any and all claims between

20

the parties arising from this transaction in the 2010 Harris County final judgment. With no

motion for new trial or appeal of the final judgment and the denial of Alvarez's bill of

review, the Harris County judgment is the final judgment in this matter. Therefore, we hold

that Osborne and Roman-Perez's bill of review should have been granted. We sustain

Osborne and Roman-Perez's first, second, fourth, fifth, sixth, seventh, and eighth issues.[7]

## IV. SUMMARY JUDGMENT

In cause number 13-19-00044-CV, Roman-Perez challenges the trial court's grant

of Alvarez's summary judgment that offset the amount he owed. By his first issue, Roman-

Perez allege the trial court erred in granting summary judgment because there was no

justiciable controversy between the parties. By part of his second issue, he states the trial

court erred because there was a material fact issue regarding the validity of the judgment

rendered in Hidalgo County.[8]

## A. Standard of Review

We review a trial court's summary judgment de novo. *Mann Frankfort Stein & Lipp

Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Provident Life & Accident

Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We review the evidence presented

---

[7] Because we hold that the bill of review should have been granted, the trial court must now undertake the second step of the bill of review process–the adjudication of the original, underlying cause of action. *See Alaimo v. U.S. Bank Trust Nat'l Assoc.*, 551 S.W.3d 212, 215 (Tex. App.—Fort Worth 2017, no pet.). Because "only one final judgment may be rendered in a bill of review proceeding," that judgment must contain two components: (1) whether "the complainant is suffering under a wrongfully-obtained judgment," and if so (2) whether the bill of review defendant, the original plaintiff, has proved the elements of his original cause of action." *Baker v. Goldsmith*, 582 S.W.2d 404, 409 (Tex. 1979). A final judgment in a bill of review should either: (1) deny any relief to the bill of review petitioner, or (2) "grant the bill of review and set aside the former judgment, insofar as it is attacked, and substitute a new judgment which properly adjudicates the entire controversy." *In re J.B.A.*, 127 S.W.3d 850, 851 (Tex. App.—Fort Worth 2004, no pet.).

[8] Although Alvarez filed motions for extension of time to file a brief with this Court, a brief on his behalf was never filed in this cause number.

in the motion and response in the light most favorable to the nonmovant against whom the summary judgment was rendered, crediting evidence favorable to the party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002). The party moving for traditional summary judgment bears the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see also Knott*, 128 S.W.3d at 216.

Because the trial court's order does not specify the grounds for its summary judgment, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *See Knott*, 128 S.W.3d at 216.

## B.    Applicable Law and Discussion

Alvarez first filed a petition requesting a declaratory judgment authorizing offset between the Harris County judgment and the Hidalgo County lawsuit judgment. A month after he filed his petition, he then filed a motion for default judgment against Roman-Perez. When Roman-Perez filed a general denial, Alvarez then filed a motion for summary judgment requesting the offset of mutual judgments and attorney's fees. Roman-Perez filed an amended answer where he generally denied the allegations and affirmatively pleaded he was not liable due to estoppel, res judicata, and waiver. Roman-Perez also requested that the Hidalgo County judgment be determined to be void for want of jurisdiction, which would render Alvarez's "claim in this cause of action baseless and

22

moot." Alvarez responded that Roman-Perez had waived raising any affirmative defenses because Roman-Perez had not raised them previously in the underlying case. Alvarez's first supplemental response also discusses void and voidable judgements and how "all errors, other than lack of jurisdiction, render a judgment merely voidable; the only grounds for collateral attack is a showing jurisdiction did not attach." He also states that "the record shows the parties were litigating over tort/contract issues over which the trial court *very clearly* has jurisdiction as a county court at law of the State of Texas."

The trial court found there were "valid, subsisting judgment[s]" in Harris and Hidalgo counties and granted summary judgment in favor of Alvarez. It also held that the Harris County judgment was "fully satisfied" by a credit against the Hidalgo County judgment and was extinguished. The Hidalgo County judgment was "subject to a dollar for dollar credit of the Harris County Judgment" and Roman-Perez was declared to owe "$72,437.80" to Alvarez, as well as reasonable attorney's fees in the amount of

> $4,500.00 work at the trial court and through all trial court proceedings through default judgment; $10,000.00 for any work on an appeal at the court of appeals; $4,000.00 for work on a petition for review or response to same before the Texas Supreme Court; $8,000.00 to brief the Texas Supreme Court; $7,000.00 to argue and to conclude proceedings before the Texas Supreme Court.

Roman-Perez argues the trial court lacked jurisdiction because the judgment was void. A judgment is void when "the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012) (quoting *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010)). Due to our previous holding that the Harris County court had dominant jurisdiction,

23

we agree with Roman-Perez. The final judgment issued in 2010 by Harris County terminated all claims and controversies between the parties, and the 2014 Hidalgo County judgment is rendered void based on that finding. Therefore, there was no Hidalgo County judgment for the trial court to offset the Harris County judgment with. We sustain Roman-Perez's first and second issues.

## V. CONCLUSION

In appellate cause number 13-19-00067-CV, we reverse and remand to the case to the trial court for further proceedings consistent with this opinion. In appellate cause number 13-19-00044-CV, we reverse and render judgment in favor of Roman-Perez.

GINA M. BENAVIDES
Justice

Delivered and filed the
19th day of November, 2020.