Thomas LEE, Helen Wilems, Individually and as Representative of the Estate of Felicia Marie Lee, Deceased, Hartford Casualty General Agency, Inc., Southern County Mutual Insurance Co., Copart of Houston, Inc., Copart of Texas, Inc., and Houston Copart Salvage Auto Auctions, LP, Appellants,

v.

GST TRANSPORT SYSTEM, LP, and Henry Daneford, Appellees.

No. 05–08–00118–CV.

Court of Appeals of Texas, Dallas.

Oct. 1, 2008.

Braden W. Sparks, Braden W. Sparks, P.C., Dallas, TX, for Appellant.

E. John Gorman, Ronald L. Bair, Bairhilty, PC, Houston, TX, for Appellee.

Before Justices MOSELEY, RICHTER, and FRANCIS.

## OPINION

Opinion by Justice FRANCIS.

Two competing lawsuits arising out of a fatality collision were filed in district courts in Dallas and Madison counties. Both trial courts asserted dominant jurisdiction. This interlocutory appeal comes to us on an agreed order on a controlling question of law. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(d) (Vernon 2008). The issue presented is: "Under the 'relation-back' and/or the 'first-filed' doctrine(s), which is the court of dominant jurisdiction?" To answer the issue, we must decide whether the relation-back doctrine, embodied in section 16.068 of the Texas Civil Practice and Remedies Code, applies to a presuit discovery petition when determining which lawsuit was filed first. For reasons set out below, we conclude it does not. Consequently, we conclude the Dallas County case was the first-filed suit and affirm the trial court's order denying abatement.

Felicia and Thomas Lee were traveling south on Interstate 45 in Madison County when Thomas Lee lost control of his car, crossed the median, and collided with a northbound GST Transport Systems trac-

tor-trailer truck driven by Henry Daneford. Felicia Lee was killed on impact. Six weeks later, on October 10, 2006, Felicia's mother, Helen Wilems, filed a rule 202 petition in the 12th Judicial District Court in Madison County to take oral depositions of several GST employees and others to investigate a potential claim and for use in an anticipated suit by Wilems. *See* TEX.R. CIV. P. 202. The trial court granted the request and ordered the depositions of several GST employees, including Daneford.

One week later, on December 5, 2006, GST and Daneford filed a lawsuit in the 14th Judicial District Court in Dallas County against Thomas Lee; Wilems, individually and as representative of her daughter's estate; two insurance companies; and the salvage company with possession of the Lees' vehicle. GST and Daneford alleged Thomas Lee, a Dallas County resident, was negligent in the accident and sought damages for injuries to Daneford and property damage to the tractor-trailer rig. They also sought injunctive relief against all the defendants to preserve the vehicle driven by Thomas Lee.

Wilems then filed a "First Amended Petition" in Madison County under the same cause number as the presuit discovery petition, alleging a wrongful death claim against GST and Daneford. Both sides filed pleas to abate or dismiss the competing lawsuit in the respective county, arguing they were the first to file suit. In her plea in Dallas County, Wilems argued the filing of her wrongful death claim in Madison County related back to the date of the filing of her rule 202 petition, making her suit the first filed. Ultimately, both trial courts denied the pleas to abate and/or dismiss and, in their orders, asserted dom-

inant jurisdiction. This appeal addresses the Dallas County order denying Wilems's plea in abatement.

■■■ We review the trial court's action in granting or denying a plea in abatement using an abuse of discretion standard. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex.1988). The trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

■■■ As a rule, when cases involving the same subject matter are brought in different courts, the court with the first-filed case has dominant jurisdiction and should proceed, and the other case should abate. *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex.2001). The obvious reasons for abatement are conservation of judicial resources, avoidance of delay, and "comity, convenience, and the necessity for an orderly procedure in the trial of contested issues," or, in other words, "to prevent races from court to court by vigilant counsel." *Id.* The first-filed rule also has several justifications, both jurisprudential and pragmatic. The jurisprudential reason is that once a matter is before a court of competent jurisdiction, "its action must necessarily be exclusive" because it is "impossible that two courts can, at the same time, possess the power to make a final determination of the same controversy between the same parties." *Id.* A pragmatic justification for the rule is efficiency in that proceedings earlier begun may be expected to be earlier concluded. *Id.* A final justification is fairness-in a race to the courthouse, the winner's suit should have dominant jurisdiction. *Id.*[1]

---

1. There are exceptions to the dominant jurisdiction rule; however, in her brief, Wilems     expressly states that none of the exceptions applies in this appeal.

▮ Rule 202 allows a person to petition the court for an order authorizing the taking of an oral and written deposition to either perpetuate the testimony for use in an anticipated suit or to investigate a potential claim or suit. TEX.R. CIV. P. 202.1. The proceeding is not a separate, independent lawsuit, but is in aid of and incident to an anticipated suit. *Office Employees Int'l Union Local 277 v. Southwestern Drug Corp.,* 391 S.W.2d 404, 406 (Tex. 1965) (interpreting predecessor rule); *In re Clapp,* 241 S.W.3d 913, 917 (Tex.App.-Dallas 2007, orig. proceeding); *In re Raja,* 216 S.W.3d 404, 407 (Tex.App.-Eastland 2006, orig. proceeding); *Texacadian Energy, Inc. v. Lone Star Energy Storage, Inc.,* 829 S.W.2d 369, 372 (Tex.App.-Corpus Christi 1992, writ denied).

▮ At the time GST and Daneford filed their lawsuit in Dallas County on December 5, 2006, Wilems had not brought any cause of action arising from the collision. Rather, she had sought presuit discovery to investigate facts relating to a potential claim. Consequently, the only issue before the Madison County district court at that time was whether to allow such discovery; it had not been asked to adjudicate any claims arising from the collision.

Nevertheless, Wilems argues her amended pleading (filed after the Dallas County suit) related back to the date of the filing of the rule 202 petition. Relying on rules of civil procedure 62 through 65, she argues that her amended petition filed in the same court under the same cause number superceded and supplanted her original rule 202 petition. Then, relying on section 16.068 of the Texas Civil Practice and Remedies Code, she argues that because the pleading was amended, it related back to the date of the original filing on October 10, 2006, rendering the Madison County suit the first filed.

We do not disagree that an amended pleading supersedes and supplants earlier pleadings. TEX.R. CIV. P. 65; *Lee v. Na,* 198 S.W.3d 492, 494 (Tex.App.-Dallas 2006, no pet.). And whether it is appropriate to allege a lawsuit for the first time in an "amended petition" in the same cause number as a rule 202 petition is not an issue we need to address. Even if appropriate, we do not agree that the relation-back doctrine, as embodied in section 16.068, can be read in this case to allow the "amended pleading" to relate back to the filing date of the rule 202 petition.

▮ The relation-back doctrine, statutorily defined in section 16.068, originated as an equitable remedy designed to effectuate justice. *Lovato v. Austin Nursing Ctr., Inc.,* 113 S.W.3d 45, 55 (Tex.App.-Austin 2003), *aff'd,* 171 S.W.3d 845 (Tex.2005). It is designed to "protect litigants from loss of their claims by a plea of limitations in cases where that would otherwise occur and therefore should be liberally construed." *Id.* Section 16.068 provides:

If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense *is not subject to a plea of limitation* unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

TEX. CIV. PRAC. & REM.CODE ANN. § 16.068 (Vernon 2008) (emphasis added).

In urging we apply section 16.068 to the circumstances in this case, Wilems asserts the purpose of rule 202 "allows a party to locate and preserve evidence *before* a claim is filed, while limitations requires that it be filed soon enough to allow the opposing party to do so while it is still available."

She then argues that since both the statute and rule "deal with the passage of time and the preservation of evidence," the relation-back doctrine "should not apply in one but not the other."

■ Even if we liberally construe a statute to achieve its purposes, we may not enlarge or alter the plain meaning of its language. *Methodist Hosps. of Dallas v. Mid–Century Ins. Co. of Tex.*, 259 S.W.3d 358, 360 (Tex.App.-Dallas 2008, no pet.). In construing a statute, our objective is to determine and give effect to the Legislature's intent. *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex.2008). We look first to the statute's language to determine that intent, as we consider it a "fair assumption that the Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent." *Id.* (quoting *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex.1999)). If the statute's language is unambiguous, its plain meaning will prevail. *Id.*

The plain language of section 16.068 provides that an amended pleading "is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence." TEX. CIV. PRAC. & REM.CODE ANN. § 16.068. Thus, even if we accept the argument that the rule and statute share similar purposes, the plain language of the statute restricts its operation to negating a "plea of limitation" under the circumstances described in the section. Wilems does not claim that she stands to lose her cause of action on limitations grounds; rather, her complaint involves a question of where the lawsuit should be tried. Consequently, section 16.068 does not apply under the circumstances of this case.

We conclude the lawsuit filed in Dallas County on December 5, 2006 was the first filed. Accordingly, the trial court did not abuse its discretion in refusing to abate the case.

We affirm the trial court's order denying abatement.