**DENY; and Opinion Filed October 19, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01174-CV

## IN RE: ROBERT P. BAXTER, JR. AND MARSHA ELLISON D/B/A ELLISON LEASE OPERATING, Relators

**Original Proceeding from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-14831**

## MEMORANDUM OPINION

Before Justices Francis, Fillmore, and Stoddart
Opinion by Justice Fillmore

In this original proceeding, relators ask the Court to direct the trial court to (1) vacate its order compelling a rule 202 pre-suit deposition, and (2) dismiss the pending rule 202 petition with prejudice. Relators also ask the Court to award relators their fees, trial court costs, and appellate costs, and to impose sanctions against real parties in interest and their counsel. For the reasons that follow, we deny relators' petition for writ of mandamus.

### Procedural History

On December 7, 2015, real parties in interest filed a petition, pursuant to rule 202 of the Texas Rules of Civil Procedure, seeking to depose relator Robert P. Baxter, Jr. They sought the deposition "to investigate a potential claim of malicious prosecution and perpetuate the testimony of a key witness" in relation to a pending case in Irion County, Texas in which Baxter sued real parties in interest regarding a dispute over an oil and gas lease. On May 10, 2016, the

trial court signed an order granting real parties' rule 202 petition for pre-suit deposition of Baxter. The order specified that the deposition could not take place until at least thirty-one days after the trial court in Irion County loses plenary power. The deposition was not scheduled and did not take place. On August 30, 2016, real parties in interest filed a notice nonsuiting the rule 202 proceeding without prejudice to refiling the petition at a later date.

Relators now seek an order from this Court directing the trial court to vacate the May 10, 2016 order granting the rule 202 pre-suit deposition, and to dismiss the rule 202 petition with prejudice. Relators contend in a footnote of their petition that the nonsuit was ineffective because it came after the trial court heard the rule 202 petition and ruled on the petition. Relators also ask the Court to award relators their fees, trial court costs, and appellate costs, and to impose sanctions against real parties in interest and their counsel to punish their alleged misconduct in the trial court.

**Mandamus Standard and Availability of Mandamus Remedy**

To be entitled to mandamus relief, relators must show both that the trial court has clearly abused its discretion and that relators have no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The trial court order granting the rule 202 petition in this case, involving a requested pre-suit deposition of a person against whom a suit is contemplated, is subject to mandamus review. *See In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (per curiam) (improper order under rule 202 may be set aside by mandamus) (citing *In re Jorden*, 249 S.W.3d at 420); *see also Patton Boggs LLP v. Moseley*, 394 S.W.3d 565, 571 (Tex. App.—Dallas 2011, no pet.) (mandamus relief granted requiring trial court to vacate portions of order granting rule 202 petition to take depositions of representatives of party against whom lawsuit contemplated); *In re Hewlett Packard*, 212 S.W.3d 356, 360 (Tex. App.—Austin 2006, orig. proceeding [mand. denied]) (relators had no adequate remedy on appeal because their

only opportunity to appeal the trial court's order would occur after the depositions had occurred; furthermore, order pursuant to rule 202 allowing pre-suit discovery incident to a contemplated lawsuit against the party from whom the discovery is sought is not a final, appealable order; therefore, mandamus is proper); *In re Emergency Consultants, Inc.*, 292 S.W.3d 78, 80 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding) (a writ of mandamus may lie to challenge a trial court's order for pre-suit depositions).

## Applicable Law

A plaintiff may take a nonsuit at any time before it has introduced all of its evidence other than rebuttal evidence. TEX. R. CIV. P. 162. A nonsuit renders the merits of the plaintiff's claims moot and is effective upon filing. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Univ. of Tex. Med. Branch at Galveston v. Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam). A rule 202 petition is ancillary to its anticipated suit and, as such, no trial on the merits has yet occurred. *See Lee v. GST Transp. Sys., LP*, 334 S.W.3d 16, 19 (Tex. App.— Dallas 2008, pet. denied) (a proceeding under rule 202 "is not a separate independent lawsuit, but is in aid of and incident to an anticipated suit."); *see also Moseley*, 394 S.W.3d at 571 (concluding that trial court had no jurisdiction to grant motion to compel arbitration filed in rule 202 proceeding). Accordingly, an order granting a rule 202 petition does not result in an adjudication of claims or a ruling on the merits:

> A petition under rule 202 is ultimately a petition that asserts no substantive claim or cause of action upon which relief can be granted. A successful rule 202 petitioner simply acquires the right to obtain discovery—discovery that may or may not lead to a claim or cause of action.

*Combs v. Texas Civil Rights Project*, 410 S.W.3d 529, 534 (Tex. App.—Austin 2013, pet. denied); *see also In re C.B.B.*, 12-12-00106-CV, 2013 WL 1046323, at *3 (Tex. App.—Tyler Mar. 13, 2013, pet. denied) (concluding that order for parentage testing was not a decision on the merits and was, therefore, vitiated by nonsuit).

**Application of the Law to the Facts**

Relators contend the nonsuit here was untimely and, thus, ineffective under rule 162 because the real parties in interest obtained an order granting the rule 202 pre-suit deposition and necessarily introduced all of their evidence as to the need for the deposition before filing the nonsuit. Relators rely on *Hyundai Motor Company v. Alvarado*, 892 S.W.2d 853, 855 (Tex. 1995) to support their argument.

The issue in *Alvarado* was whether a partial summary judgment survives a nonsuit. *Alvarado*, 892 S.W.2d at 854. In *Alvarado*, Hyundai obtained a partial summary judgment against the plaintiffs. *Id.* Thereafter, the plaintiffs filed a motion to nonsuit their claims and then filed a new petition in a different county that included the claims on which Hyundai had obtained the partial summary judgment. *Id.* On Hyundai's motion, the trial court modified the nonsuit order to provide that the plaintiffs could not refile the claims on which the partial summary judgment had been granted. *Id.* The court of appeals reversed, holding that the right to nonsuit continued until the plaintiffs put on all of their evidence. *Id.* The Texas Supreme Court disagreed with the judgment of the court of appeals and held that although a nonsuit may vitiate "earlier interlocutory orders" the nonsuit does not vitiate "a decision on the merits." *Id.* at 854–55. The Court also specifically held as follows:

> We hold that when a defendant obtains a partial summary judgment on certain of the plaintiffs' causes of action and the plaintiff thereafter moves for a nonsuit as to the whole case, that nonsuit results in a dismissal with prejudice as to the issues decided in the partial summary judgment.

*Id.* at 854. The Court further stated that "once a judge announces a decision that adjudicates a claim, that claim is no longer subject to the plaintiff's right to nonsuit." *Id.* at 855. Relators rely on that sentence to support their contention that the rule 202 order adjudicated the claim and barred the real parties in interest from nonsuiting the petition.

–4–

Relators misapply *Alvarado.* As discussed above, a rule 202 order does not adjudicate a claim or constitute a ruling on the merits. *See Lee*, 334 S.W.3d at 19; *see also Combs*, 410 S.W.3d at 534; *In re C.B.B.*, 2013 WL 1046323, at *3. Because no trial on the merits has occurred and no claims have been adjudicated, the nonsuit is timely under rule 162. Moreover, *Alvarado* is distinguishable. This is not a situation where a plaintiff loses on one claim and seeks to nonsuit the entire case in an effort to avoid the effect of the *adverse* order. *See Curry v. Bank of Am., N.A.*, 232 S.W.3d 345, 354 (Tex. App.—Dallas 2007, pet. denied) (interpreting Alvarado and holding that "[t]he import of these cases is that a party who has had his claims adjudicated unsuccessfully cannot later non-suit his claims to avoid the judgment."). Here, the real parties in interest obtained a *favorable* ruling (the order compelling the deposition) and then relinquished the right to take the deposition and nonsuited their rule 202 petition entirely.

Plaintiffs have the right to nonsuit their unadjudicated claims and that right is "unqualified and absolute as long as the defendant has not made a claim for affirmative relief." *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 840 (Tex. 1990). Relators do not assert that they have claims for affirmative relief pending below, and the record does not show any such claims. Real parties in interest were, therefore, entitled to nonsuit the rule 202 petition, and the nonsuit was timely and effective to moot the deposition order upon filing.

**Conclusion**

We **DENY** relators' petition as moot because the rule 202 proceeding below was timely nonsuited and the trial court order granting a rule 202 pre-suit deposition in that proceeding is no longer in effect. *See, e.g., In re Lobo Pipeline Co.*, 04-00-00383-CV, 2000 WL 1727054, at *1 (Tex. App.—San Antonio Nov. 22, 2000, no pet.) (denying rule 202 petition as moot in light of nonsuit). To the extent relators ask us to order the trial court to dismiss the underlying suit, we also **DENY** that request because relators have not requested that the trial court dismiss the suit

with prejudice.  *See, e.g., In re Hog-Bey*, No. 05-14-01015-CV, 2014 WL 3882315, * 1 (Tex. App.—Dallas Aug. 7, 2014, orig. proceeding) ("A reviewing appellate court may not arbitrarily interfere with the trial court's power to control its docket, but may only order the trial court to rule if the circumstances show that the trial court's failure to act is an abuse of its discretion."). Finally, we **DENY** relators' request that we impose sanctions on real parties in interest for actions allegedly taken in the trial court, we **DENY** relators' request for an award of fees and costs, and we **ORDER** relators to bear the costs of this appeal, if any.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE

161174F.P05