**15-25-00039-CV**

ACCEPTED
15-25-00039-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/7/2025 6:22 PM
CHRISTOPHER A. PRINE
CLERK

**No. _____**

# In the Court of Appeals
# for the Fifteenth Judicial District
# Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
4/7/2025 6:22:17 PM
CHRISTOPHER A. PRINE
Clerk

———

*In re The State of Texas,*
*Relator.*

———

On Petition for Writ of Mandamus
to the 95th Judicial District Court, Dallas County

———

## PETITION FOR WRIT OF MANDAMUS

———

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for
Civil Litigation

JOHNATHAN STONE
Division Chief,
Consumer Protection Division

ABIGAIL E. SMITH
Assistant Attorney General
State Bar No. 24141756
Abby.Smith@oag.texas.gov
Office of the Attorney General
Consumer Protection Division
12221 Merit Drive, Ste. 650
Dallas, Texas 75251
Tel: (214) 290-8830
Fax: (214) 969-7615

*Counsel for Relator*

# Identity of Parties and Counsel

**Relator:**
The State of Texas

**Appellate and Trial Counsel for Relator:**

Abigail E. Smith
Assistant Attorney General
State Bar No. 24141756
Abby.Smith@oag.texas.gov
Rob Farquharson
Assistant Attorney General
State Bar No. 24100550
Rob.Farquharson@oag.texas.gov
Office of the Attorney General of Texas
Consumer Protection Division
12221 Merit Drive, Ste. 650
Dallas, Texas 75251

Johnathan Stone
Division Chief, Consumer Protection Division
State Bar No. 24071779
Johnathan.Stone@oag.texas.gov
David Shatto
Assistant Attorney General
State Bar No. 24104114
David.shatto@oag.texas.gov
Office of the Attorney General of Texas
Consumer Protection Division
P.O. Box 12548 (MC-010)
Austin, Texas 78711

**Respondent:**
The Honorable Monica Purdy, 95th Judicial District Court, Dallas County

**Real Party in Interest:**
Nonparty Patients Nos. 1-11

**Appellate and Trial Counsel Real Party in Interest**

Jervonne D. Newsome
Texas Bar No. 24094869
jnewsome@winston.com
Thanh D. Nguyen
State Bar No. 24126931
tdnguyen@winston.com
Jonathan Hung
State Bar No. 24143033
johung@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl St., 9th Floor
Dallas, TX 75201
Telephone: (214) 453-6500

William M. Logan
Texas Bar No. 24106214
wlogan@winston.com
Evan D. Lewis
edlewis@winston.com
State Bar No. 24116670
Olivia A. Wogon
Texas Bar No. 24137299
owogon@winston.com
WINSTON & STRAWN LLP
800 Capitol Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600

*Attorneys for Nonparty Patients*

Patrick Todd
State Bar No. 24106513
patrick.todd@oag.texas.gov

Martin Cohick
State Bar No. 24134042
Martin.Cohick@oag.texas.gov
Office of the Attorney General
Administrative Law Division
P. O. Box 12548
Austin, Texas 78711-2548
(512) 936-1660

*Attorneys for Intervenor and third-party, UT Southwestern Medical Center ("UTSW")*

# Table of Contents

Identity of Parties and Counsel ............................................................... i

Index of Authorities ............................................................................... vi

Record References ................................................................................ ix

Statement of the Case ........................................................................... ix

Issues Presented.................................................................................... x

Introduction ......................................................................................... 1

Statement of Facts ................................................................................ 3

    A.  The State Sues Doctors for Violating SB 14, the Ban on Transgender Treatments for Minors, in Collin County....................... 3

    B.  The Non-party Patients Sue the State in Dallas County Court............ 4

    C.  The Non-party Patients Mislead the Collin County Court at Multiple Hearings; the Collin County Court Orders Production. ........................................................................................... 4

    D.  Non-party Patients Continue to Seek Duplicative Relief in an Alternate Venue.................................................................................. 7

    E.  Subsequent Procedural History Since the Dallas County Order ............................................................................................... 8

Standard of Review ............................................................................... 9

Argument.............................................................................................. 9

  I.  The Trial Court Clearly Abused Its Discretion by Denying the State's Plea in Abatement.................................................................. 10

    A.  The Collin County and Dallas County suits are inherently related. ......................................................................................... 10

    B.  No exception to the dominant jurisdiction doctrine applies. ............. 13

  II.  The Dallas County Court Abused its Discretion in Issuing a Stay After the State Noticed its Appeal.............................................. 14

  III.  The State Lacks an Adequate Remedy by Appeal for Both its Plea in Abatement and Challenge to the Court's Improper Order.................... 15

Prayer...................................................................................................17

Mandamus Certification ........................................................................ 18

Certificate of Service........................................................................... 18

Certificate of Compliance .................................................................... 18

Relator's Appendix .............................................................................. 23

# Index of Authorities

**Page(s)**

**Cases**

*Curtis v. Gibbs*,
511 S.W.2d 263 (Tex. 1974) (orig. proceeding) .................................................. 10

*Encore Enterprises, Inc. v. Borderplex Realty Tr.*,
583 S.W.3d 713 (Tex. App. 2019)......................................................................... 12

*Hiles v. Arnie & Co.*,
402 S.W.3d 820 (Tex. App.—Houston [14th Dist.] 2013, pet.
denied) ...................................................................................................................13

*In re Happy State Bank*,
No. 02-17-00453-CV, 2018 WL 1918217 (Tex. App.—Fort Worth
Apr. 23, 2018, orig. proceeding) (mem. op.) .........................................................11

*In re J.B. Hunt Transp., Inc.*,
492 S.W.3d 287 (Tex. 2016) ......................................................................... *passim*

*In re Puig*,
351 S.W.3d 301 (Tex. 2011) (orig. proceeding) .................................................. 10

*In re Tex. Educ. Agency*,
441 S.W.3d 747 (Tex. App.—Austin 2014, no pet.) .......................................9, 15

*In re Texas Christian Univ.*,
571 S.W.3d 384 (Tex. App.—Dallas 2019, no pet.) ...........................................13

*In re Univ. of the Incarnate Word*,
469 S.W.3d 255 (Tex. App.—San Antonio 2015, no pet.) .....................14, 15, 16

*In re Woodfill*,
470 S.W.3d 473 (Tex. 2015).................................................................................15

*Ingersoll-Rand Co. v. Valero Energy Corp.*,
997 S.W.2d 203 (Tex. 1999)................................................................................. 12

*Lee v. GST Transp. Sys., LP*,
   334 S.W.3d 16 (Tex. App.—Dallas 2008, pet. denied) .......................................13

*Miles v. Ford Motor Co.*,
   914 S.W.2d 135 (Tex. 1995) ................................................................................11

*Perry v. Del Rio*,
   66 S.W.3d 239 (Tex. 2001) ........................................................................... 10, 13

*Sheinfeld, Maley & Kay, P.C. v. Bellush*,
   61 S.W.3d 437, 439 (Tex. App.—San Antonio 2001, no pet) .......................9, 14

*Tex. A&M Univ. Sys. v. Koseoglu*,
   233 S.W.3d 835 (Tex. 2007)................................................................................15

*Walker v. Packer*,
   827 S.W.2d 833 (Tex. 1992) .................................................................................. 9

*Wyatt v. Shaw Plumbing Co.*,
   760 S.W.2d 245, 247 (Tex. 1988)........................................................................11

**Statutes**

Tex. Bus. & Comm. Code §§ 17.41-17.63 ................................................................ 1

Tex. Civ. Prac. & Rem. Code § 51.014........................................................... 9, 14, 16

Tex. Civ. Prac. & Rem. Code § 51.014(8) ...........................................................2, 14

Tex. Civ. Prac. & Rem. Code § 51.014(b) ............................................................... 8

**Other Authorities**

Tex. R. Civ. P. 39 .....................................................................................................11

Tex. R Civ. P. 39(a).................................................................................................. 12

Tex. R. Civ. P. 97(a)............................................................................................ 11, 12

Tex. R. Civ. P. 176.6(e) ......................................................................................... 4, 6

Tex. R. Evid. 509 ...................................................................................................... 6

Tex. R. Evid. 510 .................................................................................................... 6

# RECORD REFERENCES

"App." refers to the appendix to this petition. "M.R." refers to the mandamus record.

# STATEMENT OF THE CASE

| | |
|---|---|
| *Nature of the underlying proceeding:* | Nonparty Patients 1–11 ("Non-party Patients") challenged a subpoena in Dallas County Court. M.R.1. That subpoena was issued by Collin County Court in relation to an ongoing litigation instituted by relator against a doctor for violating state law. |
| *Respondent:* | The Honorable Monica Purdy 95th Judicial District Court, Dallas County |
| *Respondents' challenged actions*: | The trial court denied the State's Plea in Abatement. After also denying the State's Plea to the Jurisdiction, the State immediately appealed, staying the case. Nevertheless, the trial court continued to order a stay in its entirety on all production obligations with respect to the State's subpoenas served on Children's Medical Center and UT Southwestern Medical Center (the "Hospital Systems"). App. Exs. A, B. |

# STATEMENT OF JURISDICTION

This Court has jurisdiction under Texas Government Code section 22.221(b)(1).

# Issues Presented

1. Did the trial court err in denying the State's Plea in Abatement?

2. Did the trial court err in issuing a discovery order after the case was automatically stayed?

3. Does State of Texas have an adequate remedy on appeal?

# INTRODUCTION

This case, like so many others currently pending before this Court, concerns competing orders about the production of medical records. As this Court is by now well aware, the State has sued two pediatricians in Collin County Court for violating the Texas ban on providing transgender treatments to minors, and for violating the Texas Deceptive Trade Practices Act. After the State issued subpoenas for medical records to two Dallas hospitals, Children's Medical Center Dallas (Children's) and University of Texas Southwestern Medical Center (UTSW), some nonparty patients whose medical records were subject to the subpoenas obtained counsel and challenged those subpoenas in both Collin County Court and Dallas County Court. These represented patients are the Non-party Patients that were the plaintiffs below in this case. As a result of their decision to file in multiple jurisdictions, there are now several conflicting discovery orders from the Collin County Court and Dallas County Court, as well as intervening orders from this Court staying production by Children's.

To put it bluntly, this case has become a procedural quagmire and an intense drain on the resources and time of the parties, the interested nonparties, and all three courts. Thankfully, there is a procedure to circumvent all this headache—the doctrine of dominant jurisdiction, which requires that when two related cases are filed in two different jurisdictions, the second-filed court *must* abate its case and defer to the first-filed jurisdiction. *See, e.g.*, *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (holding "when two suits are inherently interrelated, a plea in abatement

1

in the second action *must* be granted") (citation omitted) (emphasis in original). But the Dallas County Court denied the State's Plea in Abatement on this ground without explanation, and in an abuse of discretion. Because this order is not appealable, the State lacks an adequate appellate remedy and mandamus relief is appropriate.

But that is not the full extent of the Dallas County Court's error. After the Court similarly denied the State's Plea to the Jurisdiction (which *is* appealable and thus is pending before this court under a different cause number, No. 15-25-00023-CV), the State *immediately* filed its notice of appeal, automatically staying the case under Tex. Civ. Prac. & Rem. Code Ann. § 51.014(8). Yet the district court proceeded to hold a hearing on the Non-party Patients' Motion for Protective Order and issued a stay barring *any* production of *any* documents pending the outcome of the State's appeal. This discovery order violated the automatic stay, constituted an abuse of discretion, and similarly has no adequate remedy at law, making mandamus relief appropriate.

Both of the Dallas County Court's March 6, 2025 orders constituted abuses of discretion, for different reasons. This Court should grant mandamus relief, order the Dallas County Court to abate its case pending a final resolution in Collin County Court, and order the Court to vacate its improper stay on production.

## STATEMENT OF FACTS[1]

### A. The State Sues Doctors for Violating SB 14, the Ban on Transgender Treatments for Minors, in Collin County.

On October 17, 2024, after an investigation, the State sued Dr. May C. Lau for violations of SB 14, the statewide ban on providing cross-sex hormones, puberty blockers, and so-called gender-affirming surgeries to minors. The State filed its Original Petition and Request for Injunctive Relief in the 493rd Judicial District Court of Collin County. MR.1. On November 4, 2024, the State filed a similar lawsuit against a different doctor, Dr. M. Brett Cooper, also with the 493rd Judicial District Court of Collin County. MR.37. Discovery in that case is ongoing and the court has entered a protective order to ensure privacy of the minor patients involved and their medical records. MR.72.

On January 16, 2025, the State noticed its intent to serve non-party subpoenas on Children's Health System of Texas ("Children's") and the University of Texas Southwestern Medical Center ("UTSW") seeking patient medical, prescribing, and billing records relating to the claims and defenses in the ongoing suit. MR.87, 90. The State later withdrew the subpoenas for UTSW and then reissued substantially similar subpoenas for UTSW on February 4, 2025. MR.93. For each subpoena, the State mailed notices to all patients whose medical records were subpoenaed to notify

---

[1] The Statement of Facts in this brief is identical in large part to the Background section in the State's Response to Non-party Patients' Emergency Motion to Stay Discovery Pending Interlocutory Appeal, filed in the related case No. 15-25-00023-CV, except for Section E.

them of the lawsuit, the subpoena, and their rights under HIPAA and the Texas Rules of Evidence and Civil Procedure.[2]

## B. The Non-party Patients Sue the State in Dallas County District Court.

After these notices were issued, eleven patients in the Lau case retained counsel ("Non-party Patients"). These eleven patients were the plaintiffs below and are the real parties in interest in this matter. On February 3, 2025, the Non-party Patients filed a petition in Dallas County seeking protection from the subpoenas issued to Children's and UTSW, pursuant to Tex. R. Civ. P. 176.6(e). MR.95. On February 24, 2025, the Non-party Patients also filed a motion seeking discovery protection in the Collin County proceeding. MR.176.

## C. The Non-party Patients Mislead the Collin County Court at Multiple Hearings; the Collin County Court Orders Production.

On February 28, 2025, the Collin County Court held a hearing, at which counsel for the Non-party Patients was a present and active participant. During the hearing, counsel for the Non-party Patients told the Court that appropriate redactions and in camera production of documents by the Collin County court would satisfy its privacy concerns, and that should those requests be met, they would not oppose production. MR.443 at 51:15–53:10. He also represented that the Dallas County court had already "taken jurisdiction" over the subpoenas served on Children's and UTSW. *Id.* at

---

[2] For patient confidentiality and out of an overabundance of caution, the State has not attached those notices to this response but can provide redacted copies to the Court upon request.

74:17-19. This was incorrect: The Dallas County Court did not determine jurisdiction until 10 days later. App. Ex. A (order denying the State's Plea to the Jurisdiction, filed March 6, 2025).

At this hearing, counsel for the Non-party Patients engaged in further discussions and negotiated with the Parties to narrow the scope of requested medical, prescribing, and billing records. The Collin County Court subsequently determined that records should be released in limited sequential tranches based on the needs of the case. It then directed the parties and interested nonparties to confer on an agreeable method of production. MR.487 at 95:23–96:07.

Despite the aforementioned representations and participation, the very next day—February 27, 2025—the Non-party Patients filed a motion in the Collin County Court to stay production of discovery by Children's and UTSW pending a ruling in the Dallas County proceedings. MR.495 (Non-party Pts.' Ver. Exp. Mtn. to Stay Prod. From Hosp. Sys.) at 5–6. This motion sought protection from party discovery in a manner substantively identical to the relief sought in the Non-party Patients' Dallas County lawsuit: a protective order, appropriate redactions, and an opportunity to review and segregate any proposed production for in camera review. *Id.* at 11–12. Much of this relief had already been provided in Collin County, as the Parties had already entered into a protective order on January 13, 2025 addressing many of these concerns. MR.72. Counsel for the Non-party Patients also noticed a hearing for March 12, 2025 in Dallas County, seeking a final judgment in the 95th District Court of Dallas County. MR.566.

On February 28, 2025, the Collin County Court held a second hearing in the Lau and Cooper lawsuits. Counsel for the Non-party Patients was, again, present and participated in negotiating a document production schedule that adequately ensured the rights and interests of all patients, including the represented Non-party Patients, were properly protected. Counsel for the Parties, hospitals, and the Non-party Patients reached an agreement on the process for production of the first tranche of records.

The Court memorialized this agreement in its February 28, 2025 Order. MR.569 (Order to Produce Documents by March 11, Produce a Privilege Log, and Setting an *in Camera* Hearing). That order and agreement limited the scope of the records to the medical, prescribing, and billing records relating to testosterone and puberty blockers prescribed by Drs. Lau and Cooper from January 1, 2022, through the present. *Id.* To ensure the patients' privacy rights are protected, Children's and UTSW would release records for the (represented) Non-party Patients to their counsel to assert privileges and objections. *Id.* For unrepresented patients, their records would be released to counsel for the physicians to assert the physician-patient privilege on the patients' behalf. *See* Tex. R. Evid. 509, 510. Records would only be produced to the State after all patients—represented and unrepresented—had the opportunity to mark privileged information for redaction and to produce a privilege log. *Id.* If requested, the Collin County Court would then conduct an *in-camera* inspection of the privilege assertions and set a hearing within 14 days to consider any challenges to the privilege assertions. The parties would reconvene thereafter to discuss the scope of a second tranche of records, if necessary.

The Collin County Court expressly entered this February 28 order with the goal of providing all the relief sought by Non-party Patients in both Collin County and Dallas County. Despite this and notwithstanding his active participation in the negotiations, counsel for the Non-party Patients refused to agree to these final terms of discovery.

In light of all this, the Collin County Court ultimately entered its February 28 order over the objections of the Non-party Patients.

## D.  Non-party Patients Continue to Seek Duplicative Relief in an Alternate Venue

*Three hours* after the February 28 hearing, the Non-party Patients filed an Amended Notice of Hearing in Dallas County, moving their hearing regarding final judgment from March 12, 2025, up to March 6. MR.573 (Nonparty Patients' 1st Amd Ntc of Hrg (Mar. 6)). The State's Answer was not due in the Dallas County suit until March 17, 2025.

On March 3, 2025—without having filed an Answer—the State filed an Emergency Plea to the Jurisdiction and Plea in Abatement in the Dallas County suit. MR.576. In its motion, the State asserted its sovereign immunity from suit in Dallas County and argued that the dominant jurisdiction doctrine applies; thus, as the matter was first-filed in Collin County, the Collin County Court has dominant jurisdiction and the Dallas County matter should be abated pending its resolution.

On March 6, 2025, the Dallas County hearing occurred. The Court first heard the State's Emergency Plea to the Jurisdiction and Plea in Abatement, which it promptly denied. App. Ex. A. The State immediately filed a Notice of Interlocutory

Appeal and notified the Court that all further proceedings were stayed pursuant to Texas Civil Practice and Remedies Code §51.014(b). App. Ex. B (memorializing this chain of events).

Despite this, the Dallas County Court proceeded to hear argument from the Non-party Patients concerning their Petition for Protection from Discovery Subpoenas. Having been divested of the jurisdiction to do so and without any deference for the Collin County Court's February 28th Order regarding production of discovery, the Dallas County Court nevertheless ordered that "any and all production obligations" with respect to the subpoenas served on the hospitals are stayed and that the hospitals shall not produce "*any*" documents to the State during the pendency of the appeal. App. Ex. B.

### E. Subsequent Procedural History Since the Dallas County Order

Several case-related events have occurred since the Dallas County Court erroneously issued its two March 6, 2025 orders, in both the Collin County Court and in this Court.

On March 20, 2025, the Collin County Court granted in part and denied in part Non-party Patients' Motion to Stay Production from Children's and UTSW. MR.721–22. The Court ordered Children's to begin production of "medical, laboratory, billing, and prescription records" from January 1, 2022 to the present for the relevant patients relating to "testosterone or puberty blockers." *Id.*; MR.569. This Court subsequently stayed that order based on a misleading and since disproven claim by Non-party Patients that Children's patient records may be commingled. *See* Case No. 15-25-00031-CV.

8

On March 26, 2025, the Collin County Court extended her prior orders to UTSW and stated that UTSW's production obligations would "kick in now." MR.745 Non-party Patients sought a stay of that order before this Court in the cause number 15-25-00031-CV; as of the filing of this brief, this Court has not ruled on that stay motion.

## STANDARD OF REVIEW

A district court's order denying a plea in abatement based on dominant jurisdiction is reviewed for abuse of discretion. *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 293 (Tex. 2016). "[W]hen two suits are inherently interrelated, a plea in abatement in the second action *must* be granted," and not doing so constitutes an abuse of discretion. *Id.* at 294 (citation omitted).

A district court's order issued after an automatic stay under section 51.014(b) of the Civil Practice and Remedies Code is similarly reviewed for abuse of discretion. *In re Tex. Educ. Agency*, 441 S.W.3d 747, 750 (Tex. App.—Austin 2014, no pet.). Because "the stay set forth in section 51.014 is statutory and allows no room for discretion," any order issued once the stay is in place is an automatic abuse of discretion. *Sheinfeld, Maley & Kay, P.C. v. Bellush*, 61 S.W.3d 437, 439 (Tex. App.—San Antonio 2001, no pet.).

## ARGUMENT

Mandamus relief is available where the trial court's error "constitute[s] a clear abuse of discretion" and the relator lacks "an adequate remedy by appeal." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). Both elements are met here.

## I. The Trial Court Clearly Abused Its Discretion by Denying the State's Plea in Abatement.

As a general rule, "the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts." *In re J.B. Hunt Transport, Inc.*, 492 S.W.3d 287, 299–300 (Tex. 2016) (orig. proceeding). (quoting *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974) (orig. proceeding)). This is known as the dominant jurisdiction doctrine, or the "first-filed" rule. When two suits are inherently interrelated, the court in which the second action was filed must grant a plea in abatement unless an exception to the general rule applies. *Id.* at 294. "Filing a plea in abatement is the proper method for drawing a court's attention to another court's possible dominant jurisdiction." *In re Puig*, 351 S.W.3d 301, 305 (Tex. 2011) (orig. proceeding).

This case is a textbook example of *why* the dominant jurisdiction doctrine exists—two competing district courts have issued conflicting discovery orders and repeatedly confused all parties and non-parties involved in the lawsuit. A flurry of motion practice has been the result, taxing the resources of the parties and the courts. Because the dominant jurisdiction doctrine applies and the Non-party Patients failed to demonstrate the existence of an exception, the Dallas County Court abused its discretion in denying the State's Plea in Abatement.

### A. The Collin County and Dallas County suits are inherently related.

Generally, a plea in abatement must be granted when an "when cases involving the same subject matter are brought in different courts." *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001). Abatement of a suit due to the pendency of a prior suit is based on the principles of comity, convenience, and the necessity for an orderly procedure

in the trial of contested issues. *Miles v. Ford Motor Co.*, 914 S.W.2d 135, 138 (Tex. 1995). All are present here.

The first question to address in the dominant-jurisdiction analysis is whether there is an "inherent interrelation of the subject matter . . . in two pending lawsuits." *J.B. Hunt* (quoting *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247 (Tex. 1988)). In this case, that interrelation is between the first-filed suit in the 493rd District Court in Collin County and the second-filed suit in the 95th District Court in Dallas County. If that inherent interrelation exists, then dominant jurisdiction applies and, absent an exception, the second-filed suit must be abated. *J.B. Hunt*, 492 S.W.3d at 292; *see also In re Happy State Bank*, No. 02-17-00453-CV, 2018 WL 1918217, at *7 (Tex. App.—Fort Worth Apr. 23, 2018, orig. proceeding) (mem. op.). If not, then both suits may proceed. *See, e.g.*, *J.B. Hunt*, 492 S.W.3d at 292; *Happy State Bank*, 2018 WL 1918217, at *4.

In determining whether the suits are inherently interrelated, courts are guided by the compulsory counterclaim rule, Tex. R. Civ. P. 97(a), and joinder of a party rule, Tex. R. Civ. P. 39. *Wyatt*, 760 S.W.2d at 247; *J.B. Hunt*, 492 S.W.3d at 292.

The Collin County and Dallas County proceedings are clearly, inherently interrelated, and it was an abuse of discretion to find otherwise. A counterclaim is compulsory if it meets the following six characteristics: (1) it is within the jurisdiction of the court; (2) it is not at the time of the filing of the answer the subject of a pending action; (3) the action is mature and owned by the defendant at the time of filing the answer; (4) it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; (5) it is against an opposing party in the same capacity;

11

and (6) it does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. *See* Tex. R. Civ. P. 97(a); *see also Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 207 (Tex. 1999). There is no dispute that these conditions exist in the Collin County proceeding. The subpoenas issued to Children's and UTSW arise from, and are related to, the claims and defenses in the first-filed suit pending in Collin County.

The Collin County and Dallas County suits are, moreover, inherently interrelated due to the substantial (and realized) risk of conflicting rulings creating "inconsistent obligations" for the parties, Children's, and UTSW. *Encore Enterprises, Inc. v. Borderplex Realty Tr.*, 583 S.W.3d 713, 724 (Tex. App. 2019) (applying Rule 39(a) in a dominant jurisdiction analysis). The Collin County Court had already directed Children's and UTSW to produce documents prior to the Dallas County Court's ruling, and it has additionally ordered production since that ruling (albeit subject to a stay from this court, in the case of Children's). MR.721–22, 745. The Dallas County Court's ruling that Children's and UTSW did not have to produce records, after being directed to do so by the Collin County District Court, has already "inconsistent obligations" that have led confusion for the hospitals and a flurry of motion practice in both Collin County and this Court.

Finally, abatement is in the interest of justice. The relief sought by the Non-party Patients in the Dallas County suit is to have the opportunity to assert privileges before records are produced to the State. That is exactly the relief they were granted in the Collin County proceeding. MR.569–70. That counsel for the represented patients continues to pursue a suit in Dallas County after they already obtained the

12

relief sought in Collin County demonstrates bad faith, wastes judicial resources, and unnecessarily drives up litigation costs.

### B. No exception to the dominant jurisdiction doctrine applies.

No exceptions to the dominant jurisdiction doctrine apply to this case. Exceptions to this "first-filed" rule apply only when its justifications fail, such as when the first district court does not have the full matter before it, when conferring dominant jurisdiction on the first court will delay or prevent a prompt and full adjudication, or "when the race to the courthouse was unfairly run." *Perry*, 66 S.W.3d at 252. With regard to this third exception, a race to the courthouse by itself is not disqualifying. *In re Texas Christian Univ.*, 571 S.W.3d 384, 392 (Tex. App.—Dallas 2019, no pet.). Indeed, one of the justifications for the first-filed rule is "simple fairness: in a race to the courthouse, the winner's suit should have dominant jurisdiction." *In re J.B. Hunt Transport, Inc.*, 492 S.W.3d at 296 (citing *Perry*, 66 S.W.3d at 252); *Lee v. GST Transp. Sys., LP*, 334 S.W.3d 16, 18 (Tex. App.—Dallas 2008, pet. denied). Rather, a plaintiff who first filed the suit may only be estopped from asserting the dominant jurisdiction of the first court if he is found guilty of inequitable conduct. *Hiles v. Arnie & Co.*, 402 S.W.3d 820, 825–26 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

None of these apply here. The Collin County Court has the full matter before it—indeed, the bulk of all motions filed and hearings held in that matter over the past two months have concerned challenges to production by the Non-party Patients. Allowing the Collin County Court to exercise dominant jurisdiction will not delay full adjudication, because all the issues before the Dallas County Court have *already been*

*adjudicated in full* by the Collin County Court. To the contrary, it is this concurrent proceeding in the *Dallas County Court* that has delayed adjudication of these issues in Collin County. And finally, there has been no accusation of a race to the courthouse. The State filed its lawsuit against Dr. Lau in October 2024, several months prior to Non-party Patients filing this subpoena challenge in Dallas County.

Because no exception applies and the Collin County case is first filed, the dominant jurisdiction doctrine clearly applies. It was an abuse of discretion not to grant the State's Plea in Abatement on this basis.

## II. The Dallas County Court Abused its Discretion in Issuing a Stay After the State Noticed its Appeal.

It is undisputed that after the Dallas County Court denied the State's Plea to the Jurisdiction, the State filed its Notice of Appeal immediately pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 51.014(8) and informed the court that the case was automatically stayed. App. Ex. B. Nevertheless, the court proceeded to issue an order staying "any and all production obligations with respect to the State's subpoenas served on [Children's] and [UTSW] . . . in their entirety." *Id.* The court further ordered that the hospitals "shall not produce *any* documents to the State until the interlocutory appeal reaches a final resolution." *Id.*

That was a clear abuse of discretion. "The stay set forth in section 51.014 is statutory and allows no room for discretion." *Sheinfeld, Maley & Kay, P.C. v. Bellush*, 61 S.W.3d 437, 439 (Tex. App.—San Antonio 2001, no pet.). "The trial court abuses its discretion in conducting hearings and signing orders in violation of the automatic stay of 'all other proceedings in the trial court.'" *In re Univ. of the Incarnate Word*,

14

469 S.W.3d 255, 259 (Tex. App.—San Antonio 2015, no pet.) (quoting *In re Tex. Educ. Agency*, 441 S.W.3d 747, 750 (Tex. App.—Austin 2014, no pet.)). It is undisputed that "the challenged order was signed after [the State's] notice of interlocutory appeal," *Incarnate Word*, 469 S.W.3d at 259—indeed, the Dallas County Court's own order memorializes this fact. App. Ex. B ("While [the argument on the Nonparty Patients' Petition for a Motion for a Protect Order] unfolded, the State represented that it had filed an interlocutory appeal . . . ."). The trial court's order staying production was thus "an abuse of the trial court's discretion because it was entered in violation of the automatic stay." *Incarnate Word*, 469 S.W.3d at 259.

## III. The State Lacks an Adequate Remedy by Appeal for Both its Plea in Abatement and Challenge to the Court's Improper Order.

The State has shown it qualifies for mandamus relief regarding both the denial of its plea in abatement and its challenge to the Dallas County Court's order staying production because neither order is a final judgment, and no statute provides for interlocutory appeal. When the ordinary appellate process cannot afford timely relief, and relator has shown an abuse of discretion, mandamus is proper. *See In re Woodfill*, 470 S.W.3d 473, 480-81 (Tex. 2015) (per curiam). A party can only appeal final judgments and certain interlocutory orders specifically authorized by statute. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840-41 (Tex. 2007).

Regarding the plea in abatement, the court's order denying it was not a final judgment. And unlike the State's plea to the jurisdiction, denied in the same order, no statute permits an interlocutory appeal from a plea in abatement. The Supreme Court of Texas has therefore held that "a relator need only establish a trial court's

abuse of discretion to demonstrate entitlement to mandamus relief with regard to a plea in abatement in a dominant-jurisdiction case." *J.B. Hunt*, 492 S.W.3d at 299–300. That has been shown here.

Similarly, Texas courts have uniformly held that a challenged order issued after a section 51.014 automatic stay "is not an appealable interlocutory order," and that the right to a stay, "once violated, cannot be recovered by appeal." *Incarnate Word*, 469 S.W.3d at 259. There is therefore "no adequate remedy at law" and mandamus relief is appropriate when an abuse of discretion has been shown. *Id.*

## Prayer

The Court should grant the petition for a writ of mandamus and reverse the trial court's Order denying the State's Plea in Abatement, and should vacate the trial court's order staying in their entirety on all production obligations with respect to the State's subpoenas served on Children's Medical Center and UT Southwestern Medical Center.

Respectfully Submitted,

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy First Assistant Attorney General

Austin Kinghorn
Deputy Attorney General for
Civil Litigation

Johnathan Stone
Division Chief, Consumer Protection Division

/s/ Abigail E. Smith
Abigail E. Smith
Assistant Attorney General
State Bar No. 24141756
abby.smith@oag.texas.gov
Office of the Attorney General
Consumer Protection Division
12221 Merit Drive, Ste. 650
Dallas, Texas 75251
Tel: (214) 290-8830
Fax: (214) 969-7615

*Counsel for Relator*

17

## Mandamus Certification

Pursuant to Texas Rule of Appellate Procedure 52.3(j), I certify that I have reviewed this petition and that every factual statement in the petition is supported by competent evidence included in the appendix or record. Pursuant to Rule 52.3(k)(1)(A), I certify that the copy of the order complained of contained in the appendix is a true and correct copy.

/s/ Abigail E. Smith
ABIGAIL E. SMITH

## Certificate of Service

On April 7, 2025, this document was served electronically on counsel for Real Party in Interest Non-party Patients.

/s/ Abigail E. Smith
ABIGAIL E. SMITH

## Certificate of Compliance

Microsoft Word reports that this brief contains 4,245 words, excluding the portions of the brief exempted by Rule 9.4(i)(1).

/s/ Abigail E. Smith
ABIGAIL E. SMITH

# In the Court of Appeals
# for the Fifteenth Judicial District
# Austin, Texas

*In re The State of Texas,*
*Relator.*

On Petition for Writ of Mandamus
to the 95th Judicial District Court, Dallas County

## RELATOR'S APPENDIX

Tab

1. Order Denying the State's Plea to the Jurisdiction and Plea in Abatement ..............................................................................A

2. Order (staying all production obligations in their entirety)...............B

# Appendix A

Cause No. DC-25-01823

| | | |
|---|---|---|
| Nonparty Patient No. 1, | | |
| Nonparty Patient No. 2, | | IN THE DISTRICT COURT OF |
| Nonparty Patient No. 3, | | |
| Nonparty Patient No. 4, | | DALLAS COUNTY, TEXAS |
| Nonparty Patient No. 5, | | |
| Nonparty Patient No. 6, | | 95TH JUDICIAL DISTRICT |
| Nonparty Patient No. 7, | | |
| Nonparty Patient No. 8, | | |
| Nonparty Patient No. 9, | | |
| Nonparty Patient No. 10, and | | |
| Nonparty Patient No. 11, | | |
| | | |
| Plaintiffs, | | |
| | | |
| vs. | | |
| | | |
| The State of Texas, | | |
| | | |
| Defendant. | | |

## [PROPOSED] ORDER DENYING
## THE STATE'S PLEA TO THE JURISDICTION AND PLEA IN ABATEMENT

Pending before the Court is the State's plea to the jurisdiction of this Court and plea in abatement. Having considered the pleadings, record evidence, and the parties' arguments, the Court finds that the State's pleas are hereby **DENIED**.

So **ORDERED** and **SIGNED** this 6th day of March 2025.

The Hon. Judge Monica Purdy
95th Judicial District Court
Dallas County, Texas

# Appendix B

Nonparty Patient No. 1,
Nonparty Patient No. 2,
Nonparty Patient No. 3,
Nonparty Patient No. 4,
Nonparty Patient No. 5,
Nonparty Patient No. 6,
Nonparty Patient No. 7,
Nonparty Patient No. 8,
Nonparty Patient No. 9,
Nonparty Patient No. 10, and
Nonparty Patient No. 11,

     Plaintiffs,

vs.

The State of Texas,

    Defendant.

IN THE DISTRICT COURT OF

DALLAS COUNTY, TEXAS

95TH JUDICIAL DISTRICT



## ~~[PROPOSED]~~ ORDER

After the Court denied the State of Texas's Verified Emergency Plea to the Jurisdiction and Plea in Abatement, the Court heard argument on the Nonparty Patients' Petition for a Motion for a Protective Order during the same hearing.

While that argument unfolded, the State represented that it had filed an interlocutory appeal challenging the Court's ruling on jurisdiction and abatement. In light of this development, the Court hereby **ORDERS** that any and all production obligations with respect to the State's subpoenas served on Children's Medical Center and UT Southwestern Medical Center (the "Hospital Systems") are hereby **STAYED** in their entirety. The Hospital Systems shall not produce *any* documents to the State until the interlocutory appeal reaches a final resolution.

1

March 6, 2025.

Hon. Monica McCoy Purdy
95th Judicial District Court
Dallas County, Texas

2

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Pauline Sisson on behalf of Abigail Smith
Bar No. 24141756
pauline.sisson@oag.texas.gov
Envelope ID: 99381669
Filing Code Description: Original Proceeding Petition
Filing Description: 20250407 Relator SOTs Petition for Mandamus with Appx A to B
Status as of 4/8/2025 7:12 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Patrick Todd | | patrick.todd@oag.texas.gov | 4/7/2025 6:22:17 PM | SENT |
| Martin Cohick | 24134042 | martin.cohick@oag.texas.gov | 4/7/2025 6:22:17 PM | SENT |
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 4/7/2025 6:22:17 PM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 4/7/2025 6:22:17 PM | SENT |
| Melinda Pate | | melinda.pate@oag.texas.gov | 4/7/2025 6:22:17 PM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 4/7/2025 6:22:17 PM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 4/7/2025 6:22:17 PM | SENT |
| David G. Shatto | | david.shatto@oag.texas.gov | 4/7/2025 6:22:17 PM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 4/7/2025 6:22:17 PM | SENT |
| Jervonne Newsome | 24094869 | jnewsome@winston.com | 4/7/2025 6:22:17 PM | SENT |
| Thanh Nguyen | | tdnguyen@winston.com | 4/7/2025 6:22:17 PM | SENT |
| Jonathan Hung | 24143033 | johung@winston.com | 4/7/2025 6:22:17 PM | SENT |
| William Logan | 24106214 | wlogan@winston.com | 4/7/2025 6:22:17 PM | SENT |
| Evan Lewis | 24116670 | edlewis@winston.com | 4/7/2025 6:22:17 PM | SENT |
| Olivia Wogon | | owogon@winston.com | 4/7/2025 6:22:17 PM | SENT |
| Karin Alonzo | | kalonzo@dallascourts.org | 4/7/2025 6:22:17 PM | SENT |